466 P.2d 736

**Milton BROOKS, a single man, Appellant,**

**v.**

**SOUTHERN PACIFIC COMPANY, a Delaware corporation and F. E. Wechten, Phoenix Traffic Manager of Southern Pacific Company, Appellees.**

**No. 9860–PR.**

Supreme Court of Arizona,
In Banc.

March 19, 1970.

Finn, Meadow & Thrasher, by Stephen T. Meadow, Phoenix, for appellant.

Evans, Kitchel & Jenckes, by Ralph J. Lester, Phoenix, for appellees.

UDALL, Justice:

This is a suit filed under the Federal Employers' Liability Act (FELA), 45 U.S. C. § 51 et seq. (1964 ed.). In December, 1963 plaintiff, while employed by defendant railroad, slipped and fell from a train on which he was working. On June 9, 1967, three years and six months after the accident he filed an action in the Superior Court, Maricopa County for damages resulting from mental and physical injuries allegedly incurred in the fall.

The applicable statute of limitations is 45 U.S.C. § 56, which provides that "no action shall be maintained * * * unless commenced within three years from the day the cause of action accrued."

Plaintiff moved the trial court for partial summary judgment solely on the issue of the statute of limitations, urging that the statute should be tolled by reason of plaintiff's mental incompetency. Plaintiff's motion was supported by three affidavits. One affidavit was executed by plaintiff himself. A second was executed by his mother, and a third by Dr. Rex Whitney, identified therein as special assistant to the director of the Arizona State Hospital in Phoenix.

Plaintiff's affidavit recited, inter alia, that prior to the accident he had no mental problems of any consequence and that after the fall his mental faculties were seriously impaired. He further stated that he was a mental patient at the Arizona State Hospital in 1964 and 1965, and that between the date of his fall in December 1963 and the month of January 1967 his memory of events was vague and intermittent. Dr. Whitney's affidavit stated that the hospital records showed Mr. Brooks was, by court order, officially declared incompetent to handle his own affairs and that he was hospitalized at the Arizona State Hospital for two periods of time in 1964 and 1965.

The trial court denied plaintiff's motion for partial summary judgment and dismissed the complaint, stating in part as follows:

"The Court having taken the matter under advisement and having considered the memoranda and affidavits filed herein, finds that although the plaintiff may have been incompetent at the time his cause of action herein accrued and may have continued to be incompetent until January, 1967, his claim herein is nevertheless barred by limitations."

The Court of Appeals affirmed, Brooks v. Southern Pacific Company, 10 Ariz.App. 535, 460 P.2d 206, and we granted Mr. Brooks' petition for review.

The initial question for resolution here is whether as a matter of law, the incompetence of a plaintiff may toll the FELA limitation period.

■ Arizona has adopted a specific saving statute providing that if a person is of unsound mind at the time his cause of action accrues, the period of the disability is not deemed a portion of the limitation period. A.R.S. § 12–502. The Arizona statute is not applicable here because the

claim is one arising under federal law, and we must apply instead the FELA. Burnett v. New York Central Railroad Co., 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965).

The defendant correctly points out that the FELA limitation provision contains no exceptions or saving clauses. Nevertheless, this fact is not dispositive of the question before us. It has become well-established since 1947 that not all suits commenced outside the three-year limitation period are barred.

The limitation period was first held to have been tolled when the plaintiff was a prisoner of war or a nonresident enemy alien. Osbourne v. United States, 164 F.2d 767 (2d Cir. 1947); Frabutt v. New York, Chicago & St. Louis R. Co., 84 F.Supp. 460 (W.D.Pa.1949). Plaintiffs have since been permitted to begin suit after the three-year period where there has been fraud by the defendant. Glus v. Brooklyn Eastern Dist. Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959); Louisville & Nashville Railroad Co. v. Disspain, 275 F.2d 25 (6th Cir. 1960); Scarborough v. Atlantic Coast Line R. Co., 190 F.2d 935 (4th Cir. 1951). More recently it has been held that the period may be tolled where plaintiff was misled by defendant's actions even where there was no intent to mislead. Mumpower v. Southern Railway Co., 270 F.Supp. 318 (W.D.Va.1967). See also Scarborough v. Atlantic Coast Line R. Co., supra; Louisville & Nashville Railroad Co. v. Disspain, supra.

In the most recent Supreme Court case dealing with the FELA statute of limitations, the Supreme Court emphasized the broad, humanitarian purpose of Congress. " * * * (T)he FELA limitation period is not totally inflexible, but, under appropriate circumstances, it may be extended beyond three years. * * * (T)he basic inquiry is whether congressional purpose is effectuated by tolling the statute of limitations in given circumstances." Burnett v. New York Cent. R. Co., 380 U.S. 424, 427, 85 S.Ct. 1050, 1054, 13 L.Ed.2d 941 (1965). In that case the Supreme Court held that the statute was tolled where a state court action was filed within the limitation period but dismissed for lack of proper venue.

The policy underlying the statute of limitations is primarily for the protection of the defendant, and the courts, from litigation of stale claims where plaintiffs have slept on their rights and evidence may have been lost or witnesses' memories faded. This policy is sound and necessary for the orderly administration of justice. However, this policy may be outweighed "where the interests of justice require vindication of the plaintiff's rights." Burnett v. New York Cent. R. Co., supra, at 428, 85 S.Ct. at 1055.

The fundamental unfairness of rigidly enforcing the statute of limitations against mentally incompetent persons has been recognized by the statutes of the District of Columbia and nearly all the states, including Arizona.[1] These statutes provide

---

1. Code of Ala. Tit. 7, § 36; Alaska Stat. § 09.10.140; Ariz.Rev.Stat. § 12–502; Ark.Stat. § 37–226; Deering's Cal.Code of Civ.Proc. § 352; Colo.Rev.Stat. § 87–1–17; Dela.Code Ann.1967, Tit. 10, § 8115; D.C.Code Ann.1967, § 12–302; Fla.Stat. § 744.62, F.S.A.; Code of Ga. Ann. § 3–801; Hawaii Rev.Stat. § 657–13; Idaho Code § 5–230; Ill.Stat. Tit. 83, § 22; Burns' Indiana Stat. § 2–605; Iowa Code Ann. § 614.8; Kan.Stat.Ann. § 60–515; Ky.Rev.Stat. § 413.170(1); Me.Rev.Stat.Ann. § 14–853; Ann.Code of Md. Art. 57, § 2; Mass.Gen.Laws Ann. c. 260 § 7; Mich.Stat.Ann. § 27A.5851, Comp.Laws 1948, § 600.5851 [Pub.Acts 1961, No. 236]; Minn.Stat.Ann. § 541.15; Miss.Code 1942, § 738; Vernon's Ann.Mo.Stat. § 516.170; Mont.Rev. Codes 1947, § 93–2703; Neb.Rev.Stat. § 25–213; Nev.Rev.Stat. § 11.180; N.J.Stat. Ann. 2A:14–21; N.M.Stat.1953, § 23–1–10; McKinney's N.Y.Civ.Prac.Law and Rules, § 208; N.C.Gen.Stat. § 1–17; N.D.Century Code, § 28–01–25; Page's Ohio Rev.Code, § 2305.16; Okla.Stat. Ann. § 12–96; Ore.Rev.Stat. § 12.160; R.I.Gen.Laws, § 9–1–19; S.C.Code of Laws, § 10–104; S.D.Code § 33.0204; Tenn.Code Ann. § 28–107; Vernon's Ann. Tex.Civ.Stat. Art. 5535; Utah Code Ann. § 78–12–36; Vt.Stat.Ann. Tit. 12, § 551; Va.Code § 8–30; Wash.Rev.Code Ann. § 4.16.190; W.Va.Code Ann.1961, § 5407; West's Wis.Stat.Ann. § 330.33; Wyo. Stat.1957, § 1–22.

in varying ways for suspension of the statute of limitations when the plaintiff is "insane", of "unsound mind", "mentally incompetent" or under other definitions of mental disability. See, Developments in the Law, Statute of Limitations, 63 Harvard Law Review 1177, 1229 (1950). We emphasize that we are here deciding a question of federal law and are not applying the statutes of this or any other state. However, the extent to which legislative bodies have provided exceptions for mental disabilities is a relevant factor in considering the policies underlying the statute of limitations. Burnett v. New York Central R. Co., supra.

The FELA limitation provision is sometimes compared to that of the Suits in Admiralty Act, 46 U.S.C. §§ 741 et seq., 745 (1964 ed.). In Williams v. United States, 133 F.Supp. 317 (E.D.Va.), aff'd 228 F.2d 129 (4th Cir.), cert. denied, 351 U.S. 986, 76 S.Ct. 1054, 100 L.Ed. 1499 (1955), it was held that insanity of the plaintiff did not suspend the time limitation of the Suits in Admiralty Act. The court there considered two factors in reaching its result. First, like the FELA, the limitation provision contained no saving provisions. But secondly, unlike the FELA, the statute authorized suit against the United States Government, and the United States is immune from suit except where there is strict compliance with the terms of the statute. The second factor is not present here, and we do not deem the rationale of the Williams case applicable, particularly in view of the Supreme Court's subsequent opinion in Burnett, supra, pointing to the humane and remedial intent of Congress in passing the FELA.

Only one case has come to our attention wherein the question of tolling the FELA limitation period for insanity was directly decided. Alvarado v. Southern Pacific Co., 193 S.W. 1108 (Tex.Civ.App.1917). In that case the Texas court held that insanity did not toll the FELA limitation period for the reason that no exceptions whatsoever are permitted by the statutory language. Alvarado v. Southern Pacific Co., supra,

was decided long before the cases previously discussed wherein the courts have determined that despite the lack of any specific saving language in the statute, the limitation period may be tolled under some circumstances. Thus although the Texas court in Alvarado took the position that the statute could not be tolled for fraud, as well as insanity, it is now well established that fraud will suspend the limitation period. Glus v. Brooklyn Eastern Dist. Terminal, supra; Louisville & Nashville Railroad Co. v. Disspain, supra; Mumpower v. Southern Railway Co., supra. See also Belton v. Traynor, 381 F.2d 82, 86 (4th Cir. 1967). Similarly, defendant relies upon a number of cases containing dicta that insanity will not toll the statute. Sgambati v. United States, 172 F.2d 297 (2d Cir. 1949), cert. denied 337 U.S. 938, 69 S.Ct. 1514, 93 L.Ed.2d 1743; Osbourne v. United States, 164 F.2d 767 (2d Cir. 1947); Taylor v. Southern R. Co., 6 F. Supp. 259 (E.D.Ill.1934); Wichita Falls & S. R. Co. v. Durham, 132 Tex. 143, 120 S.W.2d 803 (1938). Yet all of these cases were decided long before the Supreme Court's decisions in Burnett v. New York Central R. Co., supra and Glus v. Brooklyn Eastern Dist. Terminal, supra. We do not consider that these early cases which, like Alvarado v. Southern Pacific Co., supra, adopt a strict, literal interpretation of the statute, are still accurate statements of the law.

Accordingly we must conclude that the FELA statute of limitations may be tolled by reason of a plaintiff's incompetency. However, additional proceedings should be conducted in the instant case to resolve the factual question of plaintiff's incompetence.

This matter came to the trial court on a motion for partial summary judgment. The trial court made no factual determinations concerning plaintiff's incompetence. Plaintiff argues that he was incompetent from the time of the accident in December, 1963 until January, 1967. But the affidavit of Dr. Whitney shows only that plaintiff was declared incompetent and was hospitalized during two separate

periods of time: from February 3, 1964 until July 8, 1964, and from May 7, 1965 until September 15, 1965. In addition, the records of the Superior Court indicate that, with respect to the first declaration of incompetence in 1964, the court signed an order restoring plaintiff to competency on July 27, 1964.

We have carefully reviewed the additional affidavits of plaintiff and his mother. At this stage of the litigation we are unable to find that the general statements contained therein are sufficient to sustain plaintiff's contention that he was incompetent from the day of the accident, since defendant has not had an opportunity for cross-examination.

The decision of the Court of Appeals is vacated. The judgment of the Superior Court is reversed and the cause is remanded for proceedings not inconsistent herewith.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and McFARLAND and HAYS, JJ., concur.