700 P.2d 1354

**Michiko HOSOGAI, a surviving widow, individually and on behalf of the surviving children of Fukuo Hosogai, Deceased, Plaintiffs-Appellants,**

**v.**

**Hiroshi KADOTA, or if deceased, John Doe I, the personal representative or administrative or administrator of the estate of Hiroshi Kadota if deceased or Hiroshi Kadota and John Doe II guardian if Hiroshi Kadota is mentally incompetent, Defendant-Appellee.**

No. 1 CA–CIV 6038.

Court of Appeals of Arizona,
Division 1, Department B.

July 10, 1984.

Monbleau, Vermeire & Turley, P.C. by Albert Vermeire, Kent E. Turley, Phoenix, for plaintiff-appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, P.A. by John H. Westover, Larry L. Smith, Brian C. Bond, Phoenix, for defendant-appellee.

BROOKS, Judge.

Two issues are raised in this appeal from the judgment of the trial court dismissing appellant's complaint on the ground that the statute of limitations had run:

1. Whether the appellee's absence from the state tolled the running of the statute of limitations.

2. Whether public policy or the doctrine of "equitable tolling" requires that the action be reinstated.

On March 25, 1976, appellant filed her original wrongful death action in Maricopa County Superior Court within the applicable two year limitation period imposed on such actions by A.R.S. § 12–542(2). The complaint sought damages based on the death of appellant's husband, Fukuo Hosogai, in a July 26, 1975 automobile collision near Prescott, Arizona allegedly caused by appellee's negligence. Appellant attempted to achieve valid service of process on appellee on three occasions: (1) by service upon the Arizona Superintendent of Motor Vehicles pursuant to the non-resident motorist statutes A.R.S. §§ 28–502 and 503; (2) by personal service upon appellee in Japan via a Japanese process server who was also an attorney; (3) by service upon the guardian *ad litem* of appellee. Appellee filed Rule 12(b) motions asserting lack of personal jurisdiction and/or insufficiency of service on each occasion. The trial court denied the motions and the case proceeded to trial resulting in a jury verdict of $225,000 in favor of the appellee and against the appellant. On appeal, however, in *Kadota v. Hosogai*, 125 Ariz. 131, 608 P.2d 68 (App.1980) this court found that the trial court lacked jurisdiction over appellee because service of process was invalid and, accordingly, reversed and remanded with directions that appellant's motion to dismiss be granted.

Thereafter on March 19, 1980, appellant filed a new action for wrongful death in Maricopa County Superior Court. On that date, the Clerk of the Superior Court issued a summons, but service upon appellee was not attempted until later in 1980.

Appellant filed a first amended complaint on August 22, 1981, again alleging that appellee's negligent acts caused the wrongful death of her husband. The amended complaint further alleged that appellant as well as appellant's decedent and appellee were all Japanese citizens, but that they had been residents of Maricopa County at the time of the accident, and that appellee had caused an event to occur in Arizona out of which the cause of action arose. The complaint also alleged that the two year statute of limitations, A.R.S. § 12–542(2), had been tolled due to appellee's physical absence from the state since shortly after the date of the accident, and because of "public and judicial policy reasons."

A summons was issued, translated in Japanese, and appellant attempted to serve the appellee in Japan pursuant to the terms of a multilateral international convention governing "Service Abroad of Judicial and Extrajudicial Documents", 20 United States Treaties 361–367. Appellee filed a motion to dismiss the first amended complaint asserting that it failed to state a claim upon which relief could be granted because the claim was barred by the applicable statute of limitations. Also, on the same date, appellee filed a motion to dismiss for lack of service of process and for insufficiency of service of process. Appellant responded to appellee's motions by filing documentation relating to service on appellee in Japan in compliance with the multilateral convention. The trial court denied appellee's motion to dismiss for lack of service, but granted the motion to dismiss on the grounds that the limitation period had ex-

pired, dismissing with prejudice the first amended complaint. This ruling is now at issue on appeal.

Appellant first contends that appellee's absence from the state tolls the running of the statute of limitations. The relevant statute provides:

### § 12–501  Effect of Absence from State

When a person against whom there is a cause of action is without the state at the time the cause of action accrues or at any time during which the action might have been maintained, such action may be brought against the person after his return to the state. The time of such person's absence shall not be counted or taken as a part of the time limited by the provisions of this chapter.

■ Appellant's position is that this statute applies whenever a person is *physically* absent from the state. In *Phillips v. Anchor Hocking Glass Corporation,* 100 Ariz. 251, 413 P.2d 732 (1966), our Supreme Court rejected such a narrow interpretation, holding that in order for a party to be "without the state" or "absent" within the meaning of the statute, such party must be out of the state in the sense that he could not be served with process. In this case, there is no allegation that appellee could not have been properly served. Appellant has not alleged that appellee attempted to secrete himself for purposes of avoiding service of process nor is it alleged that appellant was unaware of appellee's whereabouts during the running of the statute of limitations. Indeed, all of the facts and circumstances surrounding appellant's initial attempts to serve appellee indicate that appellant knew where appellee resided throughout the period. *Kadota,* 125 Ariz. at 133, 608 P.2d at 70. Further, the multilateral international convention sets forth the steps necessary to properly serve a party in Japan. Accordingly, under the rule established in *Phillips,* we find that § 12–501 did not toll the statute of limitations.

■ Appellant contends that the Supreme Court's decision in *Phillips* is incorrect and amounts to judicial legislation and should therefore be overruled. We do not address this argument since the issue of whether prior decisions of the highest court in a state are to be disaffirmed is a question for the court which makes the decisions. *McKay v. Industrial Commission,* 103 Ariz. 191, 438 P.2d 757 (1968).

The second issue raised on appeal is whether dismissal of the action would violate public policy. Citing *Burnett v. New York Central R. Co.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965), appellant argues that the policy underlying the statute of limitations would not be undermined by the reinstatement of this action. Appellant concludes that she has not "slept on her rights" and that appellee has at all times been on notice of her claim by reason of the previous litigation, the appeal therein, and by service of the first amended complaint in the instant action.

*Burnett* involved an action filed under the Federal Employers' Liability Act (FELA) in state court which was dismissed for lack of venue and was then re-filed in federal court more than three years after the cause of action accrued. The Supreme Court, in determining whether the suit in the state court tolled the applicable three year statute of limitations, first noted that the state action was properly commenced in that the complaint was timely filed, the state court had jurisdiction and the defendant was properly served with process. The Court then concluded that the filing of the state action tolled the statute of limitations because such a decision "effectuates the basic congressional purposes in enacting the humane and remedial [Federal Employers' Liability] Act" 380 U.S. at 427, 85 S.Ct. at 1054. It also recognized the unfairness of barring a plaintiff's action solely because a prior timely action is dismissed for improper venue after the applicable statute of limitations has run.

In line with the spirit and reasoning of *Burnett,* our Supreme Court in *Brooks v. Southern Pacific Co.,* 105 Ariz. 442, 466 P.2d 736 (1970), held as a matter of *federal* law that the limitation period of the Federal Employers' Liability Act may be tolled

by reason of plaintiff's incompetency. The court found that it was fundamentally unfair to rigidly enforce the statute of limitations against mentally incompetent persons.[1]

Arguing that the statute of limitations should not bar reinstatement of the instant action, appellant relies on both of the above cases for the proposition that the interests of justice requiring a vindication of her rights outweigh the appellee's right to be free of stale claims since appellee had notice of appellant's claim within the limitation period.

We do not find that either case supports appellant's position. Those cases dealt with an issue of *federal* law resolved by an examination of congressional intent specifically underlying the Federal Employers' Liability Act. The case at hand involves the general *state* statute of limitations on causes of action "for injuries done the person of another when death ensues from such injuries". A.R.S. § ·12–542(2). Since appellant does not contend that the complaint in the initial action tolled the running of the statute, she is apparently asking this court to judicially engraft a "renewal" or "saving" statute on to Arizona law.

█ As a general rule, absent a "renewal" or "saving" statute allowing a state action dismissed on a ground other than upon the merits to be reinstituted within a specified period of time, the failure of the original action during the pendency of which the limitation period has run bars reinstitution of the action. *Cf. Lim v. Superior Court,* 126 Ariz. 481, 616 P.2d 941 (App.1980); *Peters v. M & O Construction, Inc.,* 119 Ariz. 34, 579 P.2d 72 (App.1978); *Safeway Stores, Inc. v. Superior Court,* 19 Ariz.App. 210, 505 P.2d 1383 (App.1973); *Annot.* 6 A.L.R.3d 1043, 1046.

█ Our legislature has not chosen to adopt a "saving" clause. Whether the period of limitation provided by A.R.S. § 23–542(2) is or is not to be tolled, or the action "saved" during the pendency of a prior timely filed action which is subsequently dismissed for reasons other than upon the merits, is clearly a question which should be addressed by the legislature and not the courts. We therefore decline to judicially except the instant case from the applicable statute of limitations.

█ Finally, appellant submits through supplemental citation that the doctrine of "equitable tolling" should be applied to this case. This doctrine, primarily an innovation of the California courts, has been applied in cases where the defendant receives timely notice of the claim under review by means of an administrative action commenced reasonably and in good faith by a plaintiff possessing a choice of remedies or forums. In other words, it has been utilized when "an injured person has several legal remedies and, reasonably and in good faith, pursues one." *Elkins v. Derby,* 12 Cal.3d 410, 115 Cal.Rptr. 641, 525 P.2d 81 (1974). The timely filing of one action will toll the statute of limitations for the second action. Even assuming that this doctrine were to be recognizable in Arizona, it would have no application here since appellant had only one legal remedy available.

For the foregoing reasons, the order of the trial court dismissing appellant's first amended complaint is affirmed.

MEYERSON, P.J., and CORCORAN, J., concur.

---

1. Under Arizona Law such would be the result in any event pursuant to A.R.S. § 12–502 which specifically provides for suspension of the statute of limitations when the plaintiff is "of unsound mind".