700 P.2d 1327

**Michiko HOSOGAI, a surviving widow, individually and on behalf of the surviving children of Fukuo Hosogai, deceased, Plaintiffs-Appellants,**

**v.**

**Hiroshi KADOTA, or if deceased, John Doe I, the personal representative or administrator of the estate of Hiroshi Kadota and John Doe II guardian if Hiroshi Kadota is mentally incompetent, Defendant-Appellee.**

**No. 17665–PR.**

Supreme Court of Arizona, En Banc.

Feb. 20, 1985.

Reconsideration Denied March 12, 1985.

Monbleau, Vermeire & Turley by Albert Vermeire, Kent E. Turley and Christopher J. Bork, Phoenix, for plaintiffs-appellants.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by John H. Westover, Larry L. Smith and Brian C. Bond, Phoenix, for defendant-appellee.

HAYS, Justice.

On March 25, 1976, Michiko Hosogai, petitioner/appellant, sued Hiroshi Kadota, respondent/appellee, for the wrongful death of her husband. In this first action (*Hosogai I*), the jury awarded petitioner $225,000 in damages. This verdict was overturned on appeal because the trial court lacked personal jurisdiction over appellee due to defective service of process. *Kadota v. Hosogai*, 125 Ariz. 131, 608 P.2d 68 (App.1980). On March 19, 1980, petitioner filed another wrongful death action (*Hosogai II*) against respondent based on the same facts as the earlier suit. This lawsuit was dismissed by the trial court as barred by the two-year statute of limitations governing wrongful death actions. *See* A.R.S. § 12–542(2). The Court of Appeals affirmed in a memorandum decision. *Hosogai v. Kodata*, 145 Ariz. 254, 700 P.2d 1354 (App.1984). We have jurisdiction. Ariz. Const. art. 6, § 5(3); 17A A.R.S. Civil Appellate Proc.Rules, Rule 23; A.R.S. § 12–120.24. We vacate the memorandum decision of the Court of Appeals. We accepted this petition for review to address one question:

MAY THE STATUTE OF LIMITATIONS FOR A SECOND WRONGFUL DEATH ACTION BE EQUITABLY TOLLED BY THE FILING OF A FIRST ACTION DISMISSED BECAUSE OF A PROCEDURAL DEFECT?

## FACTS

On July 26, 1975, Hiroshi Kadota, respondent, was driving on a highway near Prescott, Arizona. Respondent's automobile collided with a motor home. Fukuo Hosogai, a passenger in the automobile, was killed. The driver, respondent, suffered severe brain damage. At this time, respondent was a Japanese citizen residing in Arizona. Shortly after the accident, respondent returned to Japan where he has resided since that time. Petitioner sued respondent in *Hosogai I*, alleging that respondent's negligent driving caused the death of her husband.

Petitioner attempted to serve respondent by three different methods of process. First, petitioner filed an affidavit of a private process server stating that she had served the Arizona Superintendent of Motor Vehicles in accord with a statute authorizing personal jurisdiction over foreign motorists involved in accidents within the state. *See* A.R.S. §§ 28–502 and 28–503. Second, petitioner filed the affidavit of a Japanese process server which stated that he personally served respondent in Japan with a copy of the summons, together with a Japanese translation of the document. Third, petitioner personally served respondent's Arizona guardian ad litem.

After a jury verdict in her favor, the Court of Appeals reversed due to insufficiency of service of process. *Kadota v. Hosogai, supra.*

First, the court held that attempted service on the Arizona Superintendent of Vehicles was defective. *Kadota v. Hosogai*, 125 Ariz. at 137–38, 608 P.2d at 74–75. Petitioner had failed to comply with the statute by filing an affidavit regarding the use of registered mail or by filing a return-mail receipt with the court. A.R.S. § 28–503(A)(1). Similarly, the attempted service on respondent through a Japanese process server was ineffective. *Kadota v. Hosogai*, 125 Ariz. at 134–37, 608 P.2d at 71–74. The court concluded that the procedures for service of process created by a treaty with Japan on "Service Abroad of Judicial and Extrajudicial Documents," February 10, 1969, United States-Japan, 20 U.S.T. 361–67, T.I.A.S. No. 6638, were exclusive and that respondent hadn't complied with these procedures. Finally, it was held that the attempted service of process on the

guardian ad litem was invalid. *Kadota v. Hosogai,* 125 Ariz. at 138–39, 608 P.2d at 75–76. The court concluded that a guardian ad litem is not the agent of an incompetent defendant for purposes of accepting service of process.

We denied review of Kadota v. Hosogai on March 11, 1980. On March 19, 1980, petitioner filed a new wrongful death action (*Hosagai II*) against respondent. The trial court dismissed the action as barred by the statute of limitations and the Court of Appeals affirmed. *Hosogai v. Kadota, supra.*

## EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS

Petitioner contends that the statute of limitations should be equitably tolled for a second action by the filing of a procedurally defective first action if there is: 1) timely notice to the defendant by filing the first claim; 2) no prejudice to the defendant in gathering evidence to defend against the second claim; and 3) reasonable and good faith conduct by the plaintiff in prosecuting the first claim and diligence in filing the second claim. *Addison v. State,* 21 Cal.3d 313, 578 P.2d 941, 146 Cal.Rptr. 224 (1978). We agree.

We must first determine whether petitioner preserved for appeal the question of the equitable tolling of the statute of limitations. Respondent urges that petitioner waived this error because she raised it for the first time in the Court of Appeals. We disagree. Although not denominated as a theory of "equitable tolling," petitioner argued below that public policy required tolling of the statute of limitations in this case. Petitioner reasoned that tolling was warranted because her opponent received timely notice of the claims against him and was not prejudiced by the delay. Petitioner also urged that she reasonably prosecuted the first action that was dismissed after the expiration of the statute of limitations. These are essentially the same arguments that are now before this court. Additionally, petitioner cited as authority two impor-

tant equitable tolling cases: *Burnett v. New York Central R.R.,* 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965) and *Brooks v. Southern Pacific Co.,* 105 Ariz. 442, 466 P.2d 736 (1970).

■ The Court of Appeals rejected the doctrine of equitable tolling primarily because it inferred legislative disapproval of this doctrine by the legislature's failure to enact a savings statute that applies to these facts. A "savings" statute allows an action, dismissed for reasons unrelated to the merits after the statute of limitations has expired, to be reinstated if a second action is filed promptly thereafter. *See* Ferguson, *Statutes of Limitation: Savings Statutes (1978)* (hereinafter referred to as *"Ferguson "*). Arizona does not have a general savings statute for civil actions, although tolling is available in certain limited circumstances. *See* A.R.S. § 12–501 (action tolled while defendant is absent from state); A.R.S. § 12–502 (action tolled during minority, insanity, and under some circumstances, the imprisonment of the plaintiff); A.R.S. § 12–507 (action tolled for persons removing to this state); A.R.S. § 44–2404(C) (savings statute for breach of sales contract actions under the Uniform Commercial Code). None of these savings provisions apply to the case at bar. We concede this much of the Court of Appeals argument.

■ We reject, however, the court's presumption that mere silence on a particular subject necessarily indicates legislative disapproval in all cases. There is a tendency for legislative inaction in certain areas of the law. The argument for implied legislative rejection would be considerably enhanced if there was evidence that the legislature failed to act after being presented with a bill to enact a civil savings statute covering this situation. We could not find any bill presented to the legislature for a general civil savings statute or which would apply to the instant facts. *See* the General Index to each volume of The Jour-

nal of the House of Representatives (1912–1984) and The Journal of the Senate (1912–1984). Nor could we find any rejected amendments to existing savings statutes which would cover the same ground. The general tolling provisions for statutes of limitations in article 1, chapter 5 of title 12, date back to the 1901 Civil Code and were adopted from similar Texas statutes. *See* Historical Notes to A.R.S. §§ 12–501 to 12–510. Like most western states, Texas had no general savings statute for civil actions. In 1978, the Arizona Legislature passed a general savings statute in criminal actions. *See* A.R.S. § 13–107. At this time, no proposal was presented to the legislature to pass a civil counterpart of this general savings statute. We can find no legislative disapproval of savings statutes generally or the equitable tolling doctrine in particular.

■ A court has a legitimate interest in the procedural rules that govern lawsuits, especially to prevent such rules from becoming a shield for serious inequity. Accordingly, a court may under certain circumstances make narrow equitable exceptions to statutes of limitations. *See American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 552–59, 94 S.Ct. 756, 765–69, 38 L.Ed.2d 713, 726–30 (1974); *Burnett v. New York Central R.R., supra,* 380 U.S. at 426–30, 85 S.Ct. at 1053–55, 13 L.Ed.2d at 944–45. The history of the equitable tolling doctrine evidences this claim.

■ The equitable tolling doctrine is rooted in a number of common law exceptions to statutes of limitations, including: defendant's fraudulent concealment of a cause of action, *see Holmberg v. Armbrecht,* 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946); Annot. 15 A.L.R.2d 500 (1951); defendant's inducement of plaintiff not to sue, *see Glus v. Brooklyn Eastern District Terminal,* 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959); Annot., 44 A.L.R.3d 482 (1972) (inducement by promises to settle); Annot., 39 A.L.R.3d 127 (1971) (inducement by settlement negotiations); 43 A.L.R.3d 756 (1972) (inducement by settlement

agreement); disability of the suing party, Annot., 30 A.L.R.4th 1092 (1984); and delays due to war, *Honda v. Clark,* 386 U.S. 484, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967); 57 Colo.L.Rev. 1140 (1957). *See generally* Note, *Statutes of Limitations,* 63 Harv.L. Rev. 1177, 1220 (1950). There is no general savings statute in federal civil actions. *See Ferguson, supra,* at 1. Such equitable exceptions are, however, read into every federal statute. *See Holmberg v. Armbrecht, supra,* 327 U.S. at 397, 66 S.Ct. at 585, 90 L.Ed. at 748.

■ Equitable tolling is appropriate when it would effectuate: 1) the policies underlying the statute, and 2) the purposes underlying the statute of limitations. *Burnett v. New York Central R.R., supra,* 380 U.S. at 427–28, 85 S.Ct. at 1054–55, 13 L.Ed.2d at 944–45; *American Pipe & Constr. Co. v. Utah, supra,* 414 U.S. at 554–56, 94 S.Ct. at 766–67, 38 L.Ed.2d at 727–28. Equitable tolling has been found to effectuate the policies underlying a number of remedial federal statutes, including: the Federal Employer's Liability Act (FELA), *Burnett v. New York Central R.R., supra;* Annot., 16 A.L.R.3d 637 (1967) (equitable tolling of statute of limitations in FELA cases); Title VII actions for unlawful discrimination in violation of the Civil Rights Act of 1964; *Zipes v. Transworld Airlines,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (timely filed claim with administrative agency which was dismissed after the expiration of the statute of limitations equitably tolls second action in federal court); Comment, *Equitable Modification of Time Limitations under Title VII,* 48 U.Chi.L.Rev. 1016 (1981); Comment, Title VII *Time Limitations for Filing Charge with EEOC Is Subject to Equitable Tolling,* 55 Notre Dame Lawyer 614 (1980); Annot., 53 A.L. R.Fed. 859 (1981) (equitable tolling of Title VII time limitations by timely filing of charge with EEOC); Annot., 54 A.L.R.Fed. 335 (1981) (time limitations of Civil Rights Act subject to equitable tolling); the Age

Discrimination in Employment Act of 1967, see Note, *The Procedural Requirements of the Age Discrimination in Employment Act of 1967*, 9 Rut.—Cam.J. 540, 544 (1978); antitrust actions under the Clayton and Sherman Acts, see *American Pipe & Constr. Co. v. Utah, supra* (where class action suit is dismissed because class action status denied, the timely filing of technically deficient first action equitably tolls the statute of limitations); the Railway Labor Act, *Order of Railroad Telegraphers v. Railway Express Agency*, 321 U.S. 342, 64 S.Ct. 582, 88 L.Ed.2d 788 (1944) (statute of limitations equitably tolled during pendency of lengthy administrative proceedings).

■ We believe that the remedial policies underlying A.R.S. § 12–611, which authorizes recovery for wrongful death, would be effectuated by equitable tolling in this case. In *Burnett v. New York Central R.R., supra,* an employee sued his employer for personal injury under the Federal Employer's Liability Act (FELA), 45 U.S.C. § 51 *et seq.* (1972). The FELA allows recovery for personal injury and wrongful death. *Id.* The Supreme Court found tolling appropriate because it furthered the humane and remedial purpose of the Act. *Burnett, supra.* In *Brooks v. Southern Pacific Co.,* 105 Ariz. 442, 466 P.2d 736 (1970), citing *Burnett* with approval, we concluded that the statute of limitations in a FELA personal injury action was equitably tolled by reason of plaintiff's incompetency because this effected the salutary remedial purposes of the law. We conclude that the first prong of the *Burnett* test is satisfied.

The second prong of the *Burnett* test is that equitable tolling must effectuate the purposes underlying the statute of limitations. In *Brooks,* we declared that:

> The policy underlying the statute of limitations is primarily for the protection of the defendant, and the courts, from litigation of stale claims where plaintiffs have slept on their rights and evidence may have been lost or witnesses' memories faded.

*Id.* at 444, 466 P.2d at 738. For reasons that follow, we believe that the policies underlying the statute of limitations are furthered where the three aforementioned requirements for equitable tolling are satisfied. *See, ante,* at 1329.

In *Burnett, supra,* 380 U.S. at 427–430, 85 S.Ct. at 1054–55, 13 L.Ed.2d at 944–46, the Supreme Court similarly concluded that the purposes behind the statute of limitations were furthered where plaintiff reasonably and diligently prosecuted the first action, defendant received timely notice of the lawsuit within the limitations period by reason of the first action, and plaintiff promptly refiled the second action after the first action was dismissed.

The Court of Appeals concluded, however, that the doctrine of equitable tolling did not apply to this case. *Hosagai v. Kadota, supra.* The court reasoned that this doctrine applies only where a plaintiff has several legal remedies, in good faith, pursues one which is dismissed after the expiration of the statute of limitations, and then files another legal action based on the same facts. The present case, according to the court, is one where plaintiff had only one legal remedy and brought two successive actions to enforce that same right. Assuming without deciding that the court's vague description of this cause is correct, we disagree. It is true courts often apply the doctrine of equitable tolling where an administrative proceeding is dismissed for technical reasons and the plaintiff files a similar action in court based on the same facts. *See, e.g., Zipes v. Transworld Airlines, supra;* Comment, *Time Limitations for Filing Charge with EEOC is subject to Equitable Tolling, supra;* Note, *Statutes of Limitations in Worker's Compensation Proceedings,* 15 Cal.Western L.Rev. 32 (1979). Courts have, however, provided relief where an identical action is filed in one court after technical dismissal of the action in another court for lack of jurisdiction or venue. *See Burnett v. New York Central R.R., supra,* (federal court action dismissed for improper venue tolls identical action in state court); *Addison v. State, supra,* (federal court action dismissed for

lack of jurisdiction tolls identical state court action); *Jones v. Tracy School District,* 27 Cal.3d 99, 165 Cal.Rptr. 100, 611 P.2d 441 (1980) (federal court action dismissed for lack of jurisdiction tolls identical action in state court); *Mayes v. Leipziger,* 729 F.2d 605 (9th Cir.1984) (federal court action in one state dismissed for lack of personal jurisdiction tolls limitations period for an identical action in federal court in another state); *Galligan v. Westfield Centre Services, Inc.,* 82 N.J. 188, 412 A.2d 122 (1980) (wrongful death action dismissed in federal court due to lack of diversity tolls period for identical action in state court); *Billings v. Chicago R.I. & P.R. Co.,* 581 F.2d 707 (8th Cir.1978) (personal injury action dismissed in state court for improper venue tolls limitations period for identical state court action). Courts have also applied the doctrine of equitable tolling to successive identical actions arising within the same court system. *See American Pipe & Constr. Co. v. Utah, supra,* 414 U.S. at 552–59, 94 S.Ct. at 765–69, 38 L.Ed.2d at 726–30 (timely filing of deficient class action equitably tolls second action alleging same violations of federal laws); *Collier v. City of Pasadena,* 142 Cal. App.3d 917, 923, 191 Cal.Rptr. 681, 684 (1983) (California applies equitable tolling doctrine to toll "the limitation period of a second action during the pendency of a first action later found to be defective"); *Bollinger v. National Fire Ins. Co.,* 25 Cal.2d 399, 154 P.2d 399 (1944) (first action dismissed as premature equitably tolls contractual statute of limitations for second action based on same facts). The limitation suggested by the Court of Appeals bears little relation to the policies underlying the equitable tolling doctrine and must be rejected.

The lone case cited by respondent rejecting the doctrine of equitable tolling, *Bennett v. Furr's Cafeterias Inc.,* 549 F.Supp. 887 (D.Colo.1982) (employment discrimination complaint with the EEOC does not equitably toll the statute of limitations for later assault and battery action in state court), involves inapposite facts and may be wrongly decided. *See Zipes v. Transworld*

*Airlines, supra.* The other cases cited by respondent are irrelevant. In most of these cases, the equitable tolling doctrine does not apply and is not even discussed by the court. *See Safeway Stores, Inc. v. Maricopa County Superior Court,* 19 Ariz.App. 210, 505 P.2d 1383 (1973) (complaint dismissed for want of prosecution where the plaintiff inexcusably delayed and the defendant did not receive notice of the action and was prejudiced by the delay); *Peters v. M & O Constr. Co.,* 119 Ariz. 34, 579 P.2d 72 (App.1978) (where action abated by failure to serve summons within one year, plaintiff inexcusably delayed and so was not entitled to an enlargement of time under civil rule 6(b), filing original complaint without serving summons within limitation period did not toll statute of limitations). In one case involving clearly distinguishable facts, the court addressed the equitable tolling doctrine, but properly found it inapplicable. *Hall v. Romero,* 141 Ariz. 120, 685 P.2d 757 (App.1984) (statute not equitably tolled by representation from attorney general which wouldn't induce reasonable person to believe that suit had already been filed against the defendant, and where plaintiffs inexcusably delayed two years beyond limitations period before filing suit).

■ The aforementioned requirements for the equitable tolling doctrine are as follows:

(1) timely notice to the defendant in filing the first claim;

(2) lack of prejudice to the defendant in gathering evidence to defend against the second claim;

(3) reasonable and good faith conduct by the plaintiff in prosecuting the first action and diligence in filing the second action.

*Addison v. State, supra.* It is obvious that the requirements for equitable tolling have been satisfied in this case.

■ As to the first prong, it is necessary that the first action be filed within the limitations period and that both actions involve the same basic right or claim. *See*

*Collier v. City of Pasadena, supra,* 142 Cal.App.3d at 924–25, 191 Cal.Rptr. at 685; *Retail Clerks Union Local 648 v. Hub Pharmacy, Inc.,* 707 F.2d 1030, 1034–35 (9th Cir.1983). In this case, the first and second actions were identical and clearly provided adequate notice to respondent. It is undisputed that the first action was timely.

■ The second prong requires that the facts of the two actions be sufficiently similar so that defendant's investigation of the first action will allow him to fairly defend the second action. *See Collier, supra,* 142 Cal.App.3d at 925–26, 191 Cal. Rptr. at 685–86; *Retail Clerks, supra,* at 1034–35. Again, both actions were identical in this case, and respondent has already defended a jury trial on the same issues.

■ The third prong requires that the plaintiff acted reasonably and in good faith in prosecuting the first action beyond the statute of limitations and diligently filed the second action. *See Collier, supra,* 142 Cal.App.3d at 926, 191 Cal.Rptr. at 686; *Retail Clerks, supra,* at 1035–36. In the instant case, the trial court ruled in petitioner's favor that there was valid service of process upon respondent. By the time the Court of Appeals reversed the trial court, the statute of limitations had already expired. The Court of Appeals reluctantly reversed because respondent was induced not to correct the alleged defects in service of process by the trial court's erroneous ruling. *See Kadota v. Hosogai, supra,* 125 Ariz. at 140, 608 P.2d at 77. Respondent insists that Mrs. Hosogai should have voluntarily dismissed the first action on grounds of invalid service despite a favorable ruling from the trial judge. We disagree. Such a requirement would not promote judicial economy. Nor would we require petitioner to file a second action just in case the first action is dismissed. The burdens that are imposed by such duplicative filing on both the court and the parties are excessive. *See Elkins v. Derby,* 12 Cal.3d 410, 419–20, 115 Cal.Rptr. 641, 647–48, 525 P.2d 81, 87–88 (1974). Additionally, petitioner acted reasonably in believing that service of process by at least one of three methods had been effective. In particular, personal service by the Japanese process server was invalidated by this Court of Appeals on extremely arcane grounds, requiring an eight-page discussion of a treaty with Japan regarding service of process. *See Kadota v. Hosogai, supra,* 125 Ariz. at 134–39, 608 P.2d at 71–75. It was reasonable for petitioner to follow the procedures for service of process permitted in subparagraphs (b) and (c) of article 10 of this treaty. In order to foresee the Court of Appeals' reversal of this cause, petitioner would have had to know that the Japanese government's objections to these subparagraphs in the treaty had the force of law, and therefore these provisions could not be relied upon as part of this country's treaty with Japan. *Id.* at 136, 608 P.2d at 71. Petitioner would also have had to foresee that a method of service of process on foreign persons expressly permitted by the Arizona Rules of Civil Procedure would be preempted by this treaty. *Id.* It is plain that petitioner reasonably prosecuted the first action after the expiration of the statute of limitations. Finally, petitioner filed the second action only eight days after we denied review of the Court of Appeals decision in the first action.

We conclude that the statute of limitations was equitably tolled in this case. Contrary to respondent's suggestion, such a narrow equitable exception to the statute of limitations is far from the equivalent of a savings statute. We note in closing, however, that a clear majority of the states—thirty-one—presently have general savings statutes in civil actions. *See Ferguson, supra,* at 2, n. 1. Of the remaining states, at least fourteen have statutes applicable to the present facts which preserve timely filed actions that are reversed on appeal. *Ferguson, supra,* at 2, n. 3.

As overseers of the judicial system in this state, we call upon the legislature to pass a general savings statute in civil actions.

The case is remanded for proceedings consistent with this opinion.

GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.

HOLOHAN, Chief Justice, dissenting.

In my judgment the opinion of the Court of Appeals rejecting the doctrine of equitable tolling is correct; therefore, I dissent from the opinion of the majority.