**PAUL PICHIERRI, Appellant/Plaintiff**
**v.**
**DENNIS CROWLEY, Appellee/Defendant**

S. Ct. Civil No. 2010-0045
Supreme Court of the Virgin Islands
October 25, 2013

Lee J. Rohn, Esq., Law Offices of Rohn & Carpenter, LLC, St. Croix, USVI, *Attorney for Appellant*.

Bennett Chan, Esq., Sharmane Davis-Brathwaite, Esq., Dudley, Clark, & Chan, LLP, St. Thomas, USVI, *Attorneys for Appellee*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(October 25, 2013)

SWAN, *Associate Justice*. Appellant, Paul Pichierri ("Pichierri"), appeals the Order of the Superior Court denying his motion for an

extension of time to conduct jurisdictional discovery and granting a motion to dismiss by Appellee, Dennis Crowley ("Crowley"). Pichierri argues that the Superior Court erred by not using the proper standard of review for the motion to dismiss for lack of personal jurisdiction and that the Superior Court erred in denying his request for extension of time to conduct discovery in order to respond to Crowley's motion on the jurisdictional ground. Lastly, Pichierri argues that the Superior Court erred in not applying the doctrine of equitable tolling based on his first suit against Crowley. For the reasons enumerated below, we affirm the Superior Court's decision to reject the doctrine of equitable tolling and to dismiss this case.

## I. FACTS AND PROCEDURAL HISTORY

On June 10, 2005, Pichierri entered into a one-year, automatic annual renewal, contract with Jared Falek for Pichierri to be the Director of Operations for Inter-Island Pharmacies ("Inter-Island"). In November 2005, PNC Capital Group Ltd. ("PNC") purchased Inter-Island. PNC is owned and operated by Crowley. Pichierri's contract was included in the sale of Inter-Island; therefore, Pichierri continued his employment as Director of Operations and reported directly to Crowley. Pichierri and Crowley worked together until April 5, 2006, when Pichierri gave four weeks' notice of his resignation. However, Crowley chose to relieve Pichierri of his duties at Inter-Island on April 6, 2006, as communicated to Pichierri via letter.

On September 9, 2006, Pichierri filed a suit captioned, *Paul Pichierri v. Inter-Island Pharmacies, Inc. d/b/a Doctor's Choice Pharmacy, Dennis Crowley, and PNC Capital Group Ltd.*, Super. Ct. Civ. No. 515/2006, in which he alleged breach of contract, breach of the duty of good faith and fair dealing, and tortious interference with a contract. He sought compensatory and exemplary damages. PNC was served with process on August 27, 2007. Crowley was personally served with process on March 25, 2008. The trial court dismissed this suit against Crowley on June 19, 2008 because of Pichierri's failure to timely serve him.

This suit, *Pichierri v. Crowley*, Super. Ct. Civ. No. 340/2008, was filed on July 14, 2008, and alleged almost identical causes of action as enumerated in Sup. Ct. Civ. No. 434/2005. Crowley was served, in this case, on September 12, 2008. On October 2, 2008, Crowley filed his

motion to dismiss for lack of personal jurisdiction, insufficient service, failure to state a claim, and violation of the statute of limitations.

On October 9, 2008, the Superior Court ordered both parties to respond to each other's pending motions on or before October 27, 2008: Crowley's Motion and Memorandum of Law in Support of Dismissal for Lack of Personal Jurisdiction, Insufficient Service, Failure to State a Claim and Violation of the Statute of Limitations and Pichierri's Motion to Serve Defendant Dennis Crowley by Publication. The Order also allowed reply briefs to be filed by November 7, 2008. Following that Order, the court granted the parties' stipulation that Pichierri be given an extension of time to November 11, 2008, to respond to Crowley's motion to dismiss.

Pichierri failed to respond to the motion to dismiss by the date agreed upon and, on November 21, 2008, filed for an extension of time for jurisdictional discovery. This motion was granted on December 15, 2008 and required Pichierri to respond to Crowley's motion to dismiss.[1] On January 21, 2009, the Superior Court ordered Pichierri to file a response to the motion to dismiss or give notice as to the reason for the delayed response. On February 9, 2009, Pichierri filed his opposition to the motion to dismiss and again requested an extension of time for jurisdictional discovery. The Superior Court granted Pichierri's request for an extension of time for jurisdictional discovery on March 25, 2009. On April 14, 2009, Crowley filed a reply to Pichierri's opposition to the motion to dismiss. On June 29, 2009, the Superior Court entered an order which denied Crowley's motion to dismiss and which granted Pichierri's request for jurisdictional discovery to be completed in 90 days from the date of the June 29, 2009 Order. On November 17, 2009, the Superior Court ordered Pichierri to supplement his opposition to Crowley's motion to dismiss for lack of personal jurisdiction by November 30, 2009.

On December 29, 2009, Pichierri filed a motion for an extension of time to conduct jurisdictional discovery. Crowley filed his opposition to the motion for extension of time on January 5, 2010, and renewed his motion to dismiss on January 7, 2010. On January 25, 2010, Pichierri filed a reply in support of his motion for extension of time. On January 29,

---

[1] The Court notes that the official Superior Court docket has the date to respond as November 26, 2008, which is prior to the Order's docket date. (J.A. 244.)

2010, Pichierri filed a notice of Crowley's agreement to an extension of time until February 2, 2010 for Pichierri to respond to the motion to dismiss. On February 3, 2010, Pichierri filed another motion for an extension of time until February 5, 2010, to respond to Crowley's motion to dismiss. Pichierri then filed his opposition to the renewed motion to dismiss on February 4, 2010, and Crowley replied on February 22, 2010.

On May 18, 2010, the Superior Court issued a Memorandum Opinion stating that Pichierri's motion for an extension of time to conduct jurisdictional discovery was denied as moot, Crowley's renewed motion to dismiss was granted, and the case was dismissed with prejudice. This appeal ensued.

## II. JURISDICTION AND STANDARD OF REVIEW

Title 4, section 32(a) of the Virgin Islands Code states that "[t]he Supreme Court shall have jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court, or as otherwise provided by law." A final order is a judgment from a court which ends the litigation on the merits, leaving nothing else for the court to do except execute the judgment. *Williams v. People*, 55 V.I. 721, 727 (V.I. 2011); *In re Truong*, 513 F.3d 91, 94 (3d Cir. 2008) (citing *Bethel v. McAllister Bros., Inc.*, 81 F.3d 376, 381 (3d Cir. 1996)). On May 18, 2010, the Superior Court granted Crowley's motion to dismiss, thereby dismissing the case with prejudice, and Pichierri filed a timely notice of appeal on June 5, 2010. (J.A. 1-2.) Therefore, we have jurisdiction to hear this appeal.

The standard of review for this Court's examination of the Superior Court's application of law is plenary, while the trial court's findings of fact are reviewed for clear error. *Blyden v. People*, 53 V.I. 637, 646 (V.I. 2010); *Pell v. E.I. DuPont de Nemours & Co. Inc.*, 539 F.3d 292, 300 (3d Cir. 2008). Pichierri challenges the Superior Court's granting of Crowley's motion to dismiss, over which we exercise plenary review. *Robles v. Hovensa*, 49 V.I. 491, 494 (V.I. 2008) (citing *Maio v. Aetna, Inc.*, 221 F.3d 472, 481 (3d Cir. 2000)). He also challenges the trial court's rejection of the equitable tolling doctrine which we review for an abuse of discretion. *Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 217-18, 44 V.I. 389 (3d Cir. 2002) (citing *Hosogai v. Kadota*, 145 Ariz. 227, 700 P.2d 1327, 1333 (1985)); *Williams v. Tutu Park Ltd.*, 51 V.I. 701, 705 (D.V.I. App. Div. 2009) ("We apply an abuse of discretion standard to

determine whether the Superior Court properly refused to equitably toll the statute of limitations").

## III. DISCUSSION

### A. Equitable tolling

Pichierri argues that the trial court had personal jurisdiction over Crowley on his claim for damages and that the statute of limitations should have been tolled when he filed his first suit against Crowley. If the statute of limitations was not tolled, as the trial court concluded, this Court need not address Pichierri's arguments regarding personal jurisdiction. We begin our examination by reviewing Pichierri's assertion that the trial court erred in failing to apply the equitable tolling doctrine.

■ The statute of limitations for tortious acts is governed by title 5, section 31 of the Virgin Islands Code, which states that the injured party has two years to file his complaint. "Application of the equitable 'discovery rule' tolls the statute of limitation when the injury or its cause is not immediately evident to the victim." *Joseph v. Hess Oil*, 867 F.2d 179, 182 (3d Cir. 1989). In this case, the harm was immediately apparent. Essentially, Pichierri was injured or harmed when Crowley, by letter, immediately accepted Pichierri's resignation and formally relieved him of his duties at Inter-Island on April 6, 2006. Therefore, there was no basis for application of discovery-rule principles.

■ Further, under Virgin Islands law, the court, *within its discretion*, may apply the doctrine of equitable tolling where it is applicable. *Jensen v. VI WAPA*, 52 V.I. 435, 442-43 (V.I. 2009). As applicable in the present circumstance, the doctrine of equitable tolling states that the statutory limitation period for a second action may be equitably tolled by the filing of an earlier action which is dismissed for lack of personal jurisdiction, if

1. the first action gave defendant timely notice of plaintiff's claim;
2. the lapse of time between the first and second actions will not prejudice the defendant; and
3. the plaintiffs acted reasonably and in good faith in prosecuting the first action and exercised diligence in filing the second action.

978

*Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 217-18, 44 V.I. 389 (3d Cir. 2002) (citing *Hosogai v. Kadota*, 145 Ariz. 227, 700 P.2d 1327, 1333 (1985)).

██ The Court in *Island Insteel* further stated,

> equitable tolling preserves the protections that statutes of limitations are intended to afford to defendants. At the same time, it avoids the unfairness to plaintiffs that would occur if plaintiffs who diligently but mistakenly prosecute their claims in a court that lacks personal jurisdiction find their claims time-barred when they refile in a proper jurisdiction.

*Id.* at 205. The *Island Insteel* test is highly fact specific, and its application "is generally committed to the discretion of the trial court in the first instance." *Id.* at 218. Further, "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984).

Pichierri does not recognize that his second suit filed against Crowley in Superior Court was filed outside the statute of limitations period, unless that period is deemed tolled by the initial version of this lawsuit. However, Pichierri tendered his resignation on April 5, 2006 and it was formally accepted by Crowley on April 6, 2006. This case was filed in the Superior Court on July 9, 2008, which is outside the two-year statute of limitations period for tort actions in the Virgin Islands. Under Virgin Islands law, this case could be deemed timely if the period for commencing the action were equitably tolled by the filing date of the first case by Pichierri against Crowley, asserting this same cause of action. Therefore, this Court reviews the trial court's refusal to equitably toll the statute of limitations for an abuse of discretion.

### 1. Whether Pichierri's filing in the first action gave notice within the statute of limitations period

██ The first factor of the *Island Insteel* test requires that "the filing of the first action put the Defendant on notice within the limitations period." 296 F.3d at 218. Pichierri asserts that the Superior Court used an incorrect standard when considering the first *Island Insteel* factor regarding notice because it used the 120 day requirement for service of process after filing

of a case as providing notice to Crowley. (Appellant's Br. at 25.) The Superior Court did discuss the 120 day rule in its Memorandum Opinion but further stated that Pichierri "provided no evidence justifying the late service upon Defendant or that Defendant actually or constructively received notice when PNC was served." (J.A. 27.)

Pichierri is correct that *Island Insteel* specifically states that notice of the lawsuit must be given within the statute of limitations period. 296 F.3d at 218. Although the Superior Court references the 120 days of service requirement, its final determination is that there was a lack of diligence and failure to serve Crowley within the statute of limitations. (J.A. 27.) There was no abuse of discretion.

Pichierri had until April 6, 2008, two years after his resignation was accepted by Crowley, in which to file this case thereby giving notice of this lawsuit to Crowley. Further, the matter was not only filed but Crowley was served on March 15, 2008[2] well within the statute of limitations period. Thus the circumstances of this case satisfy the first factor of the *Island Insteel* test.

### 2. Whether the lapse of time between actions was prejudicial

The second factor of the *Island Insteel* test requires that the lapse of time between the dismissal of the first action and the filing of the second action not prejudice Crowley. Although the Superior Court did not address the second factor, Crowley advances no arguments regarding this factor and this Court cannot identify any prejudice that would arise because of the short time between the dismissal of the first case and filing of the second case. Therefore, the second factor for application of the equitable tolling doctrine is satisfied.

---

[2] The Court notes that there is no cohesion in regard to actual date of service of Crowley. Pichierri's brief states that Crowley was served on March 25, 2008. In contradiction to this date, Pichierri's Supplementation of the Record includes an email stating that the Verified Return of Service was received via fax on April 3, 2008. There is no actual copy of this Verified Return of Service in the record. Crowley also has a different service date of March 15, 2008. In his Notice of Objection to Pichierri's April 8, 2011 Supplementation of the Record, Crowley includes a copy of a Verified Return of Service dated March 15, 2008. Since all of the mentioned dates fell before the expiration of the two-year limitations period, these discrepancies do not affect the analysis of this appeal.

### 3. Whether Pichierri acted reasonably and in good faith in prosecuting the first action and exercised diligence in filing the second action

■ In its Memorandum Opinion, the Superior Court stated that it rejected the doctrine of equitable tolling because of Pichierri's lack of diligence in prosecuting the first action, the third requirement of *Island Insteel*. (J.A. 27-28.) Although Pichierri is correct that the third equitable tolling factor is not well defined by courts, *Island Insteel* instructs future courts to consider the individual and unique facts of each case. 296 F.3d at 218. It is clear from the Superior Court's Opinion that it did consider the individual facts of this case before it issued its opinion. The facts provided confirm that the Superior Court did not abuse its discretion in its determination.

Because the record is devoid of information regarding the delayed service of process upon Crowley, this Court required Pichierri to produce evidence to supplement the record on appeal regarding his efforts to serve Crowley during the first case. On April 12, 2011, Pichierri filed his Notice of Supplementation of the Record which included, among other things, copies of the original Summons and Complaint, computer generated searches for Crowley, mailing labels for the failed attempts to serve Crowley via certified postal mail, a failed Verified Return of Service, electronic mail discussions with an investigative agency directing them to search for and serve Crowley, and a final email dated April 3, 2008 stating that the Verified Return of Service for Dennis Crowley had been received via fax.[3]

In addition to including the documents listed above, Pichierri also asserted that on February 26, 2008, he moved for an extension of time to serve Crowley but that the Superior Court never made a ruling. Crowley rebutted Pichierri's accusation of inaction by the trial court on the February 2, 2008 motion for extension of time in his Opposition to Appellant's Supplemental Brief. Crowley provided a copy of an April 9, 2008 Order approving the Stipulation for Extension of Time between the parties. (Appellee's Supp. Br. Ex. B.)

An exhaustive review of the evidence submitted by Pichierri discloses that his actions were not reasonable or in good faith and further supports

---

[3] The Court notes that an actual copy of the Verified Return of Service was not included in the supplemental evidence submitted by Pichierri.

the decision of the Superior Court to refrain from equitably tolling the statute of limitations. Pichierri included in his filing as Exhibit 1, a copy of an envelope addressed to Crowley via certified mail, and identified it as an attempt to serve Crowley. Importantly, a close scrutiny of the document reveals a postmark date of May 8, 2006, which is well before the case was filed in Superior Court on September 9, 2006. (Ex. 1.) It could be that what most likely was in that envelope was not the filed Complaint and summons but rather a demand letter dated April 27, 2006 and accompanied by a draft of the Complaint.[4] Exhibit 3 is another postal receipt that is extremely illegible and difficult to decipher but appears to reflect a date of July 6, 2006, which is also prior to the September 9, 2006 filing date of the first case.

Further scrutiny of the documents submitted by Pichierri, as evidence of what he purports to be his attempts to serve Crowley with the Summons and Complaint, reveals that the documents are lacking vital information to support his assertions. Exhibit 2 is a computer printout from AutoTrack XP but the copy submitted has a partial date of June 21, 200__. (Ex. 2.) This search could have been completed on June 21, of any year within the 2000s decade. There is also no copy of the Verified Return of Service that was supposedly received via fax as noted in an electronic mail dated April 3, 2008. (Ex. 14.)

█ Pichierri's failure to timely serve Crowley in the first case was the beginning of a pattern of dilatory inattention as noted by the Superior Court. (J.A. 22.) Pichierri has failed on numerous occasions to comply with the deadlines established by the Superior Court and those agreed upon by the parties' stipulations. The United States Supreme Court succinctly stated that this type of equitable action is not for those who lack diligence. *Brown*, 466 U.S. at 151. As discussed above, Pichierri failed to meet at least five deadlines established by the Superior Court. This demonstrates not only a lack of diligence in prosecution of this matter but also a callous disregard for the rules of the trial court.

---

[4] The demand letter dated April 27, 2006, included as Exhibit 1, delineates the events that led to the termination of Pichierri. It suggests mediation of the matter. It specifically states, "If I do not hear from you within thirty days, I will file the lawsuit and proceed against you in court." The letter concludes, "If this matter goes to court, it is likely that you will get a verdict against you in the amount of $400,000.00."

Pichierri has failed to demonstrate how the trial court abused its discretion when it refrained from applying the doctrine of equitable tolling. We affirm the Superior Court's decision.

## B. Piercing the Corporate Veil

As noted above, Pichierri brought both tort and contract claims against Crowley. Although Pichierri asserts that the trial court dismissed both his tort and contract claims for lack of personal jurisdiction and as untimely, that is incorrect. While the Superior Court dismissed his tort claim on that basis, the trial court declared that it did have jurisdiction to consider the contract claims. (J.A. 25.) Nevertheless, the Superior Court rejected his contract claim on the merits because Pichierri failed to establish a reason for piercing the corporate veil. The Superior Court stated that Pichierri did not "provide the elements of law with respect to piercing the corporate veil in Florida, nor has Plaintiff presented the requisite facts to show that Plaintiff has met these elements to demonstrate that this Court should exercise jurisdiction over the Defendant." (J.A. 29.)

Since Pichierri has not set forth any legal argument contesting the real basis for the Superior Court's dismissal of his contract claims, we decline to review the correctness of its decision not to pierce the corporate veil. *See Bernhardt v. Bernhardt*, 51 V.I. 341, 346 (V.I. 2009) (explaining that issues not raised on appeal and argued in the appellant's brief are waived); V.I.S.CT.R. 22(m) ("Issues that were . . . raised or objected to but not briefed, or . . . unsupported by argument and citation to legal authority, are deemed waived for purposes of appeal. . . .").

## IV. CONCLUSION

The Superior Court did not abuse its discretion in declining to equitably toll the statute of limitations. It also did not err in rejecting Pichierri's request to pierce the corporate veil. For both reasons, we affirm the Superior Court's May 18, 2010 Order.