Jeremy MORIN, Petitioner,

v.

Commonwealth of MASSACHUSETTS, Respondent.

Civil Action No. 08–10146–NMG.

United States District Court, D. Massachusetts.

Feb. 20, 2009.

Eva M. Badway, Attorney General's Office, Boston MA, for Respondent.

## MEMORANDUM & ORDER

GORTON, District Judge.

In this petition for writ of habeas corpus filed over five years after the petitioner's conviction, the government has moved to dismiss the petition. The Court addresses that motion as follows.

### I. *Background*

On June 25, 2002, petitioner Jeremy Morin ("Morin") pled guilty in Hampden Superior Court to two counts of burning a public building in violation of M.G.L.c. 266, § 2. Two days later, he was committed to Bridgewater State Hospital for mental evaluation pursuant to M.G.L.c. 123, § 15(e) and, after that commitment expired, he was incarcerated in the Hampden County House of Corrections. Morin was later sentenced to seven to ten years of imprisonment with five years probation "on and after". Although he appealed his sentence (unsuccessfully), Morin did not attempt to withdraw his guilty plea.

Morin filed numerous motions for a new trial and for post-conviction relief (seeking to revise his sentence and/or to be released from unlawful restraint), claiming that he 1) was mentally impaired at the time of the crime and 2) has attempted to commit suicide at least 12 times while in state prison. All of those motions were denied and none was appealed. The motions for a new trial were pending from July 10 to July 17, 2003, from July 11 to July 16, 2007, and from February 6 to February 21, 2008.

On January 25, 2008, Morin filed a petition for writ of habeas corpus. The respondent, the Commonwealth of Massachusetts, moved to dismiss the petition on March 5, 2008. Morin has opposed the motion by filing a copy of Mass. R.Crim. P. 12 and the accompanying Thomson/West notes without further commentary.

### II. *Analysis*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas corpus petition is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). In relevant part, AEDPA provides that the limitations period begins running from "the date on which the judgment became final by the conclusion of direct review *or the expiration of the time for seeking such review*". *Id.* § 2244(d)(1)(A) (emphasis added).

A guilty plea constitutes a final conviction. *Commonwealth v. Balliro,* 437 Mass. 163, 769 N.E.2d 1258, 1262 (2002). The Commonwealth asserts that the limitations period for Morin's petition for ha-

beas corpus began to run on June 25, 2002 (the day on which he pled guilty) but that analysis fails to take into account the fact that a defendant has 30 days after the entry of a conviction to file an appeal in Massachusetts. *See* Mass.App. R. 4(b). Therefore, the statute of limitations with respect to Morin's right to file a habeas corpus petition began to run on July 25, 2002.

 The AEDPA limitation period may be tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending". 28 U.S.C. § 2244(d)(2). Only the first of Morin's three motions for a new trial was pending during the year following July 25, 2002, and it tolled the limitation period for eight days. Therefore, the limitation period ran out on August 2, 2003, and Morin's petition for habeas corpus, which was filed more than four years later, is untimely.

 Moreover, federal habeas corpus review is allowed only after "the applicant has exhausted the remedies available in the courts of the State". 28 U.S.C. § 2254(b)(1)(A). To satisfy that requirement, an applicant must "fairly present[ ] the substance of his federal habeas claim" to the state's highest court. *Mele v. Fitchburg Dist. Court,* 850 F.2d 817, 820 (1st Cir.1988); *Martens v. Shannon,* 836 F.2d 715, 717 (1st Cir.1988). Because Morin has failed to appeal to the appellate courts of the Commonwealth any of the denials of his motions for post-conviction relief, he has failed to exhaust his state remedies.

### ORDER

In accordance with the foregoing, because Morin's petition for writ of habeas corpus is time-barred and because he failed to exhaust his state-court remedies,

the respondent's motion to dismiss (Docket No. 5) is **ALLOWED.**

**So ordered.**