**RICHARD A. JENSEN, Appellant/Plaintiff**

**v.**

**VIRGIN ISLANDS WATER AND POWER AUTHORITY,**
**Appellee/Defendant**

S. Ct. Civil No. 2008-027

Supreme Court of the Virgin Islands

December 10, 2009

436

Natalie Nelson Tang How, Esq., St. Croix, USVI, *Attorney for Appellant.*

Rochelle M. Bermudez, Esq., Assistant General Counsel, St. Croix, USVI, *Attorney for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(December 10, 2009)

HODGE, C.J. Appellant Richard A. Jensen (hereafter "Jensen") appeals from a March 17, 2008 Superior Court order granting the Virgin Islands Water and Power Authority's (hereafter "WAPA") renewed motion to dismiss Count II of Jensen's complaint. For the following reasons, we will vacate the Superior Court's order and remand the matter for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Jensen commenced employment with WAPA in 1994 and in 1998 was promoted to "Plant Electrician Supervisor," a position covered by a collective bargaining agreement between WAPA and the Virgin Islands Workers' Union, Local 611 (hereafter "Local 611"). During the course of his employment, Jensen had a history of disagreement with management on various issues, which culminated in Jensen filing a Notice of Injury report in February 2001 with the Division of Workmen's Compensation in the Virgin Islands Department of Labor, after his physician had diagnosed him with job-related anxiety and depression. After Jensen attempted to resume his employment after his disability ended, WAPA, in a letter dated October 10, 2001, terminated his employment as of October 19, 2001.

Jensen filed suit against WAPA in the District Court of the Virgin Islands on October 17, 2003, asserting causes of action for 1) violation of the Family Medical Leave Act; 2) violation of the National Labor Relations Act; 3) deprivation of civil rights pursuant to 42 U.S.C. §§ 1983 and 1985; 4) violations of due process rights and his First Amendment right to free speech; 5) age discrimination pursuant to 10 V.I.C. § 64; 6) violation of the mandatory rehiring provisions of the Workmen's Compensation Statute, 24 V.I.C. § 285; 7) intentional infliction of

emotional distress; and 8) negligent infliction of emotional distress. On April 1, 2005, the District Court dismissed Jensen's complaint after it held that he could not establish the elements of the federal causes of action and declined to exercise supplemental jurisdiction over claims based on Virgin Islands law.

On May 5, 2005, Jensen re-asserted his territorial law claims against WAPA in the Superior Court, alleging causes of action for 1) age discrimination pursuant to 10 V.I.C. § 64; 2) violation of the mandatory rehiring provisions of Workmen's Compensation Statute, 24 V.I.C. § 285; 3) intentional infliction of emotional distress; and 4) negligent infliction of emotional distress. WAPA filed a motion to dismiss on June 9, 2005, alleging that federal law and Local 611's collective bargaining agreement pre-empted Jensen's claims and that the two-year statute of limitations for tort claims had lapsed. On July 22, 2005, the Superior Court dismissed Counts I, III, and IV of the complaint — which it characterized as tort claims — on statute of limitations grounds. As to Count II — failing to re-hire in violation of 24 V.I.C. § 285 — the trial court made no explicit determination as to whether the statute of limitations had lapsed, but re-characterized the claim as one for retaliatory discharge — without expressly identifying that cause of action as arising under tort or contract — and held that neither federal law nor the collective bargaining agreement between WAPA and Local 611 pre-empted the action.

After engaging in some discovery, WAPA filed a renewed motion to dismiss the retaliatory discharge cause of action on June 2, 2006, arguing that a retaliatory discharge claim sounds in tort rather than contract and thus it, too, was time-barred under the two-year statute of limitations for tort claims. The trial court, after holding a hearing and considering the parties' filings, granted WAPA's renewed motion to dismiss in a March 17, 2008 order, holding that retaliatory discharge is a tort claim and that the two-year statute of limitations had lapsed. Jensen filed his notice of appeal on April 4, 2008.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior Court . . . ." V.I. CODE. ANN. tit. 4, § 32(a) (Supp. 2007). Since the

Superior Court entered its order granting WAPA's renewed motion to dismiss on March 17, 2008, and Jensen's notice of appeal was filed on April 4, 2008, the notice of appeal was timely filed. *See* V.I. S. CT. R. 5(a)(1) ("[T]he notice of appeal required by Rule 4 shall be filed with the Clerk of the Superior Court within thirty days after the date of entry of the judgment or order appealed from . . . ").

The standard of review for this Court's examination of the Superior Court's application of law is plenary, while the Superior Court's findings of fact are reviewed for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007).

## B. The Nature of a Retaliatory Discharge Action

■ Pursuant to Virgin Islands law, a litigant must commence a tort action within two years of the date the claim accrues, but has six years to initiate proceedings to recover for breach of contract. 5 V.I.C. § 31 (1997). Accordingly, before considering Jensen's contention that the trial court erred in dismissing his retaliatory discharge claim as time-barred, it is necessary for this Court to determine whether such an action sounds in tort or contract. *See Arlington Funding Servs., Inc. v. Geigel*, 51 V.I. 118, 129 (V.I. 2009).

■■ The Virgin Islands Code provides that, in the absence of local laws or a Restatement provision to the contrary, "[t]he rules of the common law . . . as generally understood and applied in the United States, shall be the rules of decision in the courts of the Virgin Islands in cases to which they apply. . . ." 1 V.I.C. § 4 (1995). This Court has previously held that this statute " 'is impressive evidence that the Virgin Islands legislature intends [majority] rule to govern in the absence of specific legislation.' " *Robles v. HOVENSA, LLC*, 49 V.I. 498-99 (V.I. 2008) (quoting *Dyndul v. Dyndul*, 541 F.2d 132, 134, 13 V.I. 376 (3d Cir. 1976)). Although courts are split as to whether a retaliatory discharge claim sounds in tort, contract, or both, a clear majority of jurisdictions addressing the issue have characterized retaliatory discharge as a tort action.[1]

---

[1] *Compare Holland v. Hardee's Food Systems, Inc.*, 853 F. Supp. 848, 850 (E.D. Pa. 1994) (holding that retaliatory discharge is a tort claim); *Gonzales v. City of Mesa*, 779 F. Supp. 1050, 1052-53 (D. Ariz. 1991) (same); *Batey & Sanders, Inc. v. Dodd*, 755 So. 2d 581, 583 (Ala. Civ. App. 1999) (same); *Meyer v. Byron Jackson, Inc.*, 161 Cal. App. 3d 402, 207

■ ■ "A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement. A tort, on the other hand, is a violation of a duty imposed by law, a wrong independent of contract. Torts can, of course, be committed by parties to a contract." *Malone v. Univ. of Kansas Me. Ctr.*, 220 Kan. 371, 552 P.2d 885, 888 (1976). Consequently, "[t]he question to be determined here is whether the actions or omissions complained of constitute a violation of duties imposed by law, or of duties arising by virtue of the alleged expressed agreement between the parties." *Id.* However, a cause of action for retaliatory discharge, by its very nature, "aris[es] from a breach of public policy duties *independent* of the employment contract." *Tiede v. CorTrust Bank, N.A.*, 2008 SD 31, 748 N.W.2d 748, 752 (2008) (emphasis

---

Cal.Rptr. 663, 670 (1984) (same); *Martin Marietta Corp. v. Lorenz*, 823 P.2d 100, 116 (Colo. 1992) (same); *Pucci v. American-Republican*, No. 118491, 1994 Conn. Super. LEXIS 1319, *5 (Conn. Super. Ct. 1994) (same); *Byrd v. Voca Corp. of Washington, D.C.*, 962 A.2d 927, 933-34 (D.C. 2008) (same); *Stebbings v. Univ. of Chicago*, 312 Ill. App. 3d 360, 726 N.E.2d 1136, 1140, 244 Ill. Dec. 825 (2000) (same); *Holtz v. Bd. of Commrs. of Elkhart County*, 560 N.E.2d 645, 646 (Ind. 1990) (same); *Conaway v. Webster City Products Co.*, 431 N.W.2d 795, 798 (Iowa 1988) (same); *Murphy v. City of Topeka-Shawnee County Dept. of Labor Services*, 6 Kan. App. 2d 488, 630 P.2d 186, 190 (1981) (same); *Firestone Textile Co. Div., Firestone Tire and Rubber Co. v. Meadows*, 666 S.W.2d 730, 733 (Ky. 1983) (same); *Autrey v. Energy Corp. of America, Inc.*, 594 So. 2d 1354, 1358 (La. Ct. App. 1992) (same); *Ghorbanni v. North Dakota Council on Arts*, 2002 ND 22, 639 N.W.2d 507, 510 (N.D. 2002) (same); *Hartbarger v. Frank Paxton Co.*, 115 N.M. 665, 857 P.2d 776, 783 n.5 (1993) (same); *Phillips v. Butterball Farms Co., Inc.*, 448 Mich. 239, 531 N.W.2d 144 (1995) (same); *Abraham v. County of Hennepin*, 639 N.W.2d 342, 352 (Minn. 2002) (same); *Pratt v. Purcell Tire and Rubber Co., Inc.*, 846 S.W.2d 230, 232 (Mo. Ct. App. 1993) (same); *Gates v. Life of Montana Ins. Co.*, 205 Mont. 304, 668 P.2d 213, 214-15 (1983) (same); *Hansen v. Harrah's*, 100 Nev. 60, 675 P.2d 394, 397 (1984) (same); *Zachary v. State ex rel. Dep't. of Corrections*, 2001 OK CIV APP 120, 34 P.3d 1171, 1173 (2001) (same); *Dunwoody v. Handskill Corp.*, 185 Ore. App. 605, 60 P.3d 1135, 1138 (2003) (same); *Ludwick v. This Minute of Carolina, Inc.*, 287 S.C. 219, 337 S.E.2d 213, 216 (1985) (same); *Roberts-Deckard v. City of Sevierville*, No. E2008-01580-COA-R3-CV, 2009 Tenn. App. LEXIS 360, *14 (Tenn. Ct. App. May 20, 2009) (same); *Midland Independent School Dist. v. Watley*, 216 S.W.3d 374, 382 (Tex. App. 2006) (same); *Harless v. First Nat. Bank in Fairmont*, 169 W. Va. 673, 289 S.E.2d 692, 699 (1982) (same); *Allen v. Safeway Stores, Inc.*, 699 P.2d 277, 284 (Wyo. 1985) (same) *with Eldridge v. Felec Services, Inc.*, 920 F.2d 1434, 1437 (9th Cir. 1990) (applying Alaska law to hold that retaliatory discharge is a contract claim); *Reed v. Municipality of Anchorage*, 782 P.2d 1155, 1158 (Alaska 1989) (holding that retaliatory discharge is a contract cause of action); *Sterling Drug, Inc. v. Oxford*, 294 Ark. 239, 743 S.W.2d 380, 385 (1988) (same); *Brockmeyer v. Dun & Bradstreet*, 113 Wis. 2d 561, 335 N.W.2d 834 (1983) (same). *See also Pierce v. Ortho Pharmaceutical Corp.*, 84 N.J. 58, 417 A.2d 505 (1980) (stating that retaliatory discharge may sounds in either tort or contract).

added). Moreover, the gravamen of Jensen's complaint rests not with WAPA's alleged failure to comply with a specific contractual obligation, but with its purported violation of the workers' compensation statutes' re-hiring provisions.[2] Accordingly, this Court adopts the reasoning adopted by a majority of jurisdictions and holds that the Superior Court did not err[3] in applying the two-year statute of limitations for tort actions to Jensen's retaliatory discharge claim.[4]

## C. Tolling of the Statute of Limitations

In both its July 22, 2005 opinion and March 17, 2008 order, the Superior Court, relying on *Brennan v. Kulick*, 407 F.3d 603, 606-07 (3d Cir. 2005), held that none of Jensen's causes of actions were tolled during the pendency of the District Court action because "[t]he filing of a complaint subsequently dismissed does not toll the statute of limitations." Jensen, however, contends that dismissal on such a basis was improper because the Superior Court did not apply the correct test to determine whether tolling is appropriate. We agree.

Since Jensen first asserted his territorial law claims in his District Court complaint, and argued that the District Court had supplemental jurisdiction over those claims due to their relationship to his federal

---

[2] Because neither party has raised these issues on appeal, it is neither necessary nor proper for this Court to review the correctness of the Superior Court's decision to re-characterize Count II of Jensen's complaint as a cause of action for retaliatory discharge, *see* RESTATEMENT (SECOND) OF TORTS § 874A (authorizing courts to allow litigants, under certain circumstances, to pursue tort actions for violations of statutory provisions), or to determine whether a litigant must pursue the administrative remedies provided in section 285 of title 14 prior to filing suit for retaliatory discharge. *See St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 328 n. 8 (V.I. 2007).

[3] Although Jensen contends that the law of the case doctrine precluded the Superior Court from purportedly contradicting its July 22, 2005 opinion in its March 17, 2008 order — which had been issued by a different trial judge — this Court declines to reverse the Superior Court on such a basis because the nature of a retaliatory discharge claim is a pure question of law that is subject to *de novo* review by this Court. *See Hodge v. McGowan*, 50 V.I. 296, 311 (V.I. 2008) (declining to reverse grant of partial summary judgment by judge who should have recused himself because *de novo* review of summary judgment order on appeal cured any error by granting plaintiff "the same consideration she would receive if [the] order was vacated and remanded for a new trial on the motion for partial summary judgment.").

[4] Because Jensen is precluded from pursuing his retaliatory discharge cause of action under a contract theory, and WAPA has not argued that the LMRA preempts Jensen's tort claim, it is not necessary for this Court to consider WAPA's argument that Jensen's action cannot proceed without running afoul of the LMRA's preemption provisions.

causes of action, the District Court's refusal to exercise supplemental jurisdiction after dismissing his federal claims compelled Virgin Islands local courts to toll the statute of limitations on those causes of action "while the claim[s] [are] pending and for a period of 30 days after [they] are dismissed." 28 U.S.C. § 1367(d). *See also Jinks v. Richland County*, S.C., 538 U.S. 456, 462-63, 123 S. Ct. 1667, 155 L. Ed. 2d 631 (2003) (explaining purpose behind 28 U.S.C. § 1367(d) and affirming its constitutionality).[5] Therefore, Jensen was, at a minimum, entitled to have the statute of limitations on his retaliatory discharge claim tolled from October 17, 2001 through May 2, 2005,[6] with an additional credit for the two days remaining on the two-year statute of limitations at the time the District Court complaint was filed.[7] Accordingly, Jensen's Superior Court action would have unquestionably been timely had it been initiated on or before May 4, 2005.

■■ Jensen, however, did not file his Superior Court complaint until May 5, 2005. Nevertheless, the Superior Court erred in dismissing Jensen's complaint solely on this basis without performing an equitable tolling analysis. Although the Superior Court is correct that the United States Court of Appeals for the Third Circuit held in *Brennan* that, for purposes of federal law, a complaint dismissed without prejudice by a district court cannot toll the statute of limitations, the Third Circuit has also expressly held that Virgin Islands local law differs from federal law in that it does allow a trial court to equitably toll the statute of limitations if:

---

[5] Furthermore, it is arguable that Jensen would have been entitled to a thirty day post-dismissal tolling period even in the absence of this federal statute. *Cf. Morin v. Massachusetts*, 598 F. Supp. 2d 165, 167 (D. Mass. Feb. 20, 2009) (explaining that limitations period to file habeas petition in federal court cannot run from date of final state court order, but runs from date time to file notice of appeal with higher state court has expired).

[6] Although the District Court dismissed Jensen's federal claims and declined to exercise supplemental jurisdiction over Jensen's territorial law causes of action in an April 1, 2005 order, Jensen was entitled to tolling until May 2, 2005 because May 1, 2005 fell on a Sunday. *See* 1 V.I.C. § 171(c) ("Whenever any act is appointed by law . . . to be performed upon a particular day, which day falls upon a holiday, that act may be performed upon the next business day with the same effect as if it had been performed upon the day appointed."); 1 V.I.C. § 171(a) ("The following days are legal holidays in the Virgin Islands . . . [e]very Sunday.").

[7] The parties do not dispute that Jensen's claim accrued on October 19, 2001, the date his employment was terminated.

(1) the first action gave defendant timely notice of plaintiff's claim; (2) the lapse of time between the first and second actions will not prejudice the defendant; and (3) the plaintiffs acted reasonably and in good faith in prosecuting the first action, and exercised diligence in filing the second action.

*Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 218, 44 V.I. 389 (3d Cir. 2002) (citing *Hosogai v. Kadota*, 145 Ariz. 227, 700 P.2d 1327 (1985)). Consequently, the Superior Court erred in dismissing Jensen's retaliatory discharge cause of action[8] based on an incorrect application of federal law to the exclusion of Virgin Islands local law.[9]

 This Court, however, is unable to determine, based on the present record, whether Jensen is entitled to equitable tolling. As the *Island Insteel* court recognized, the equitable tolling test is highly "fact-specific" and thus "application of this equitable doctrine is generally committed to the discretion of the trial court in the first instance." *Id.* at 218. Notably, the record is completely silent as to whether Jensen exercised diligence in bringing the second action — particularly given that Jensen was already entitled to statutory tolling pursuant to 28 U.S.C. § 1367(d) — and whether WAPA suffered any prejudice as a result of the lapse of time between the two actions. Accordingly, this Court shall vacate the Superior Court's March 17, 2008 order and remand the case to the Superior Court so that it may perform a proper tolling analysis.

---

[8] Although the Superior Court may have also erred in dismissing Counts I, III, and IV of Jensen's as time-barred, this Court shall not reverse the trial court's decision on those counts because Jensen has only challenged dismissal of his retaliatory discharge cause of action on appeal. *See Bernhardt v. Bernhardt*, 51 V.I. 341, 346 (V.I. 2009) (explaining that issues not raised on appeal or argued in the appellant's brief are waived).

[9] Although the original complaint in *Island Insteel Systems* had been dismissed for lack of personal jurisdiction, the same equitable tolling rule applies when a complaint is dismissed for any reason not related to the merits. *See Williams v. Tutu Park Ltd.*, 51 V.I. 701, 706-707 (D.V.I. App. Div. 2009) (holding that *Island Insteel Systems* test applies to dismissal for lack of subject matter jurisdiction). Here, although the District Court's decision to dismiss Jensen's territorial law claims is not equivalent to a dismissal for lack of subject matter jurisdiction, *Carlsbad Tech., Inc. v. HifBio, Inc.*, __ U.S. __, 129 S. Ct. 1862, 173 L. Ed. 2d 843 (May 4, 2009), the *Island Insteel Systems* test nevertheless applies because dismissal of those claims was not related to the merits of Jensen's non-federal actions.

## III. CONCLUSION

Since a cause of action for retaliatory discharge sounds in tort rather than the contract, the Superior Court was correct to apply a two-year statute of limitations. However, because Jensen is entitled to statutory tolling pursuant to 28 U.S.C. § 1367(d) and Virgin Islands law does not prohibit equitable tolling of the limitations period, the Superior Court erred in dismissing Jensen's complaint solely on the basis of its late filing. Consequently, this Court vacates the March 17, 2008 order and remands the matter to the Superior Court for proceedings consistent with this opinion.