IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

January 10, 2025 02:50 PM
SCT-Civ-2024-0028
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

**For Publication**

# IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| **JUAN CASTILLO, ET AL.,** <br>     Appellants/Plaintiffs, <br><br> v. <br><br> **ST. CROIX BASIC SERVICES, INC., BASIC INDUSTRIES, INC., HOVENSA, L.L.C., and AMERADA HESS CORPORATION,** <br>     Appellees/Defendants. | )   **S. Ct. Civ. No. 2024-0028** <br> )   Re: Super. Ct. Civ. No. 299/2009 (STX) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

On Appeal from the Superior Court of the Virgin Islands
Division of St. Croix
Superior Court Judge: Hon. Harold W.L. Willocks[1]

Argued: October 08, 2024
Filed: January 10, 2025

Cite as: 2025 VI 1

**BEFORE:**      **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **IVE ARLINGTON SWAN**, Associate Justice.

**APPEARANCES:**

**Rhea R. Lawrence, Esq.**
Lee J. Rohn and Associates, LLC
St. Croix, U.S.V.I.
    *Attorney for Appellants,*

**Charles E. Lockwood, Esq.**
Dudley Newman Feuerzeig LLP
St. Croix, U.S.V.I.,
    *Attorney for Appellees St. Croix Basic Services, Inc. and Basic Industries, Inc.*

**Carl A. Beckstedt III, Esq.**
Beckstedt & Kuczynski LLP
St. Croix, U.S.V.I.,
    *Attorney for Appellees Amerada Hess Corporation and HOVENSA, L.L.C.*

---

[1] Although the Honorable Harold W.L. Willocks issued the March 26, 2024 order certifying the March 10, 2020 opinion and order as a final judgment under Rule 54(b) of the Virgin Islands Rules of Civil Procedure, the March 10, 2020 opinion and order had been issued by the Honorable Robert A. Molloy.

## OPINION OF THE COURT

**HODGE, Chief Justice.**

¶ 1    Juan Castillo and 86 other individuals (collectively the "*Castillo* Plaintiffs") appeal from a March 10, 2020 opinion and order dismissing several claims against St. Croix Basic Services, Inc., Basic Industries, Inc., HOVENSA, L.L.C., and Amerada Hess Corporation (collectively the "Appellees") as untimely under the applicable statutes of limitations.  For the reasons that follow, we dismiss this appeal for lack of jurisdiction.

### I. BACKGROUND

¶ 2    Ninety-two employees of St. Croix Basic Services, Inc. were fired from their positions effective February 1, 2003, due to their employer losing its contract to provide services at the oil refinery operated by HOVENSA and Amerada Hess Corporation. On March 31, 2003, five of those former employees which the complaint identified as Errol Stanley, Nigel Charles, Melvin Neal, Joseph Sonny, and Wranda Davis (collectively the "*Stanley* Plaintiffs") filed a class action lawsuit in the United States District Court of the Virgin Islands against the Appellees for numerous causes of action arising under territorial law, including wrongful discharge and violations of the Virgin Islands Plant Closing Act. The District Court, in a July 21, 2005 order, directed the *Stanley* Plaintiffs to formally file a motion to certify the class by September 30, 2005.  But rather than doing so, the *Stanley* Plaintiffs advised at a September 29, 2005 status conference that they would not move for certification because precedents of the United States Court of Appeals for the Third Circuit purportedly require a minimum of 290 plaintiffs to proceed as a class action.  In response, the District Court directed the *Stanley* Plaintiffs to amend their complaint by December 29, 2005.

¶ 3    The *Stanley* Plaintiffs moved to amend their complaint on December 29, 2005. However,

rather than only amending the complaint to remove references to the class, the proposed amended complaint sought to add 77 other former employees as plaintiffs. Subsequently, the *Stanley* Plaintiffs filed another motion on February 1, 2006, to add an additional ten plaintiffs. The Appellees opposed the motions to expand the litigation to include these additional 87 plaintiffs, and on July 14, 2006, a magistrate judge of the District Court denied the motions on grounds that expanding the litigation to include so many more plaintiffs would result in unnecessary delay and place an unfair burden on the Appellees.

¶ 4     The *Stanley* Plaintiffs appealed the July 14, 2006 order to a district judge, who affirmed the magistrate judge's decision in an April 4, 2008 opinion. Four days later, the *Stanley* Plaintiffs filed a motion to certify the April 4, 2008 opinion for immediate interlocutory appeal to the Third Circuit or, in the alternative, to certify a class only on their Plant Closing Act claim. The Appellees again opposed this motion, and in an October 31, 2008 opinion the District Court denied the motion. The litigation brought by the *Stanley* Plaintiffs continued with respect to those individual plaintiffs and ultimately resolved in a settlement in 2010.

¶ 5     Juan Castillo and 86 other former employees who the *Stanley* Plaintiffs had attempted to include in their proposed amended complaint in the District Court filed suit against the Appellees in the instant action in the Superior Court on June 18, 2009. HOVENSA and Amerada Hess Corporation stipulated to an extension of time to respond to the complaint, St. Croix Basic Services and Basic Industries entered their appearances, filed answers, and moved for judgment on the pleadings on July 30, 2009. The sole basis of the motion is that all claims were purportedly barred by the six-year statute of limitations, in that the plaintiffs had lost their jobs on January 31, 2003, but the suit had been filed approximately six years and five months later on June 18, 2009. On August 26, 2009, the *Castillo* Plaintiffs notified the Superior Court that they stipulated to an

*Castillo v. St. Croix Basic Services, Inc.*       2025 VI 1
S. Ct. Civ. No. 2024-0028
Opinion of the Court
Page 4 of 14

extension of time with St. Croix Basic Services and Basic Industries to file their opposition by September 2, 2009. The Superior Court approved the stipulation, and the *Castillo* Plaintiffs timely filed their opposition on the due date.

¶ 6      On September 3, 2009, HOVENSA filed a motion to dismiss the complaint for failure to state a claim, which Amerada Hess Corporation later joined. Like the motion filed by St. Croix Basic Services and Basic Industries, the September 3, 2009 motion alleged that all claims were time-barred, but contended that several claims were subject to a shorter two-year statute of limitations and were thus even more untimely.

¶ 7      The Superior Court—apparently unaware that the *Castillo* Plaintiffs had timely filed their opposition on September 2, 2009—issued a September 11, 2009 order entering judgment on the pleadings for St. Croix Basic Services and Basic Industries. The *Castillo* Plaintiffs filed a notice of appeal with this Court on September 18, 2009, which sought review of the September 11, 2009 order, and soon thereafter filed their opposition to HOVENSA's motion on September 28, 2009.

¶ 8      Even though their appeal of the September 11, 2009 order remained pending with this Court, on December 22, 2009, the *Castillo* Plaintiffs filed with the Superior Court a motion to reconsider the September 11, 2009 order. In a February 9, 2010 order, the Superior Court acknowledged that it had entered judgment without the benefit of the *Castillo* Plaintiffs' timely-filed opposition due to a delay caused by the Clerk's Office, vacated the September 11, 2009 order, and reinstated all claims against St. Croix Basic Services and Basic Industries.[2] Due to the Superior Court issuing its February 9, 2010 order granting reconsideration, this Court dismissed the *Castillo*

---

[2] The September 11, 2009 order only mentioned reinstating the claims against St. Croix Basic Services. Nevertheless, the parties and the Superior Court all proceeded as if Basic Industries was again a party to the litigation, and the Superior Court ultimately issued a January 27, 2020 order clarifying that the September 11, 2009 order had also reinstated Basic Industries as a defendant.

*Castillo v. St. Croix Basic Services, Inc.*  2025 VI 1
S. Ct. Civ. No. 2024-0028
Opinion of the Court
Page 5 of 14

Plaintiffs' attempted interlocutory appeal.

¶ 9 For the next several years the case remained dormant until the Superior Court, acting *sua sponte*, issued an August 18, 2015 order directing the parties to file supplemental briefs addressing the impact of the decision of this Court in *Gov't of the V.I. v. Connor*, 60 V.I. 597 (V.I. 2014). Although the *Castillo* Plaintiffs filed their supplemental brief on September 2, 2015, the Superior Court stayed the case after HOVENSA filed a notice of bankruptcy two weeks later, but only with respect to HOVENSA and Amerada Hess Corporation. The Superior Court issued a January 10, 2016 opinion and order, directed only to the *Castillo* Plaintiffs, St. Croix Basic Services, and Basic Industries, advising that it would convert the pending motions for judgment on the pleadings into summary judgment motions, and directed them to file supplemental briefs on the issue of equitable tolling of the statute of limitations. However, on January 22, 2016, St. Croix Basic Services and Basic Industries moved to stay the entire proceeding due to the automatic bankruptcy stay, which the Superior Court ultimately granted on February 12, 2016.

¶ 10 After the lifting of the stay by the bankruptcy court on October 25, 2018, the Presiding Judge of the Superior Court designated the case as complex and reassigned it to the Complex Litigation Division, which resulted in the case also being reassigned to a different judge. After this reassignment, the Superior Court reinstated the earlier briefing schedule and scheduled a status conference for September 10, 2019. However, in a September 6, 2019 order, the Superior Court advised the parties that although the parties' briefs had focused on equitable tolling, the question in this case appeared to implicate the separate doctrine of cross-jurisdictional class action tolling, and directed them to prepare themselves to address that question at the September 10, 2019 status conference. The Superior Court heard arguments from the parties that appeared at the status conference and directed them to submit written filings with citations to case law on the cross-

jurisdictional class action tolling issue.

¶ 11    The Superior Court ultimately ruled on the summary judgment motions in a March 10, 2020 opinion and order that granted them in part and denied them in part. After conducting the analysis set forth in *Banks v. International Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011), the Superior Court determined that recognizing the doctrine of cross-jurisdictional class action tolling represented the soundest rule for the Virgin Islands. Nevertheless, applying that doctrine to the facts of this case, the Superior Court determined that tolling of the statute of limitations ceased on September 29, 2005, when the *Stanley* Plaintiffs advised the District Court at a status conference that they would not move to certify a class. According to the Superior Court:

> Class action tolling cannot continue indefinitely until a plaintiff finally finds the right courthouse. There must be an end date. This Court holds that the end date is the date when the class action is no longer a class. Once *Stanley* was no longer [a] class action, the former class members could move to intervene or file their own lawsuits. Rather than file suit, the *Castillo* Plaintiffs moved to intervene in *Stanley*. That was their right. It is not clear, however, that the *Castillo* Plaintiffs should benefit from two waves of tolling: first, when they were putative members of a class, and then, after the class was abandoned, while they tried to intervene in the federal case, and pile tolling upon tolling, effectively extending the statute of limitations indefinitely.

*Castillo v. St. Croix Basic Services, Inc.*, 72 V.I. 528, 569 (V.I. Super. Ct. 2020). The Superior Court thus determined that the statute of limitations for all claims started to run on February 1, 2003—the date St. Croix Basic Services terminated all its employees—and then tolled 58 days later on March 31, 2003, when the *Stanley* Plaintiffs initiated their class action, and then began to run again on September 25, 2005, when the *Stanley* Plaintiffs advised the District Court that they would not move to certify a class. Since the *Castillo* Plaintiffs commenced their lawsuit on June 18, 2009, the Superior Court concluded that all claims subject to a two-year statute of limitations were time-barred, but those in which a six-year statute of limitations were applicable could

*Castillo v. St. Croix Basic Services, Inc.*       2025 VI 1
S. Ct. Civ. No. 2024-0028
Opinion of the Court
Page 7 of 14

proceed.

¶ 12    In its March 10, 2020 opinion and order, the Superior Court also determined that the matter

"involves a controlling question of law as to which there is substantial ground for difference of

opinion and that an immediate appeal . . . may materially advance the ultimate termination of

litigation." 4 V.I.C. § 33(c).  As such, the Superior Court stated that it

> will certify to the Supreme Court of the Virgin Islands the following questions: (1)
> does the Virgin Islands recognize intra-jurisdictional class action tolling and by
> extension class action tolling? and (2) if the Virgin Islands does recognize class
> action tolling, when does tolling end?

*Castillo*, 72 V.I. at 570.

¶ 13    The *Castillo* Plaintiffs filed a petition for permission to appeal pursuant to section 33(c)

with this Court on March 25, 2020, which the Appellees opposed. This Court, in a November 16,

2021 order, granted the petition and issued a briefing schedule. While the appeal was pending, the

Superior Court continued to hear the case with respect to the claims that had not been dismissed

as time-barred.

¶ 14    After briefing concluded, this Court issued a June 13, 2022 order setting the case for oral

argument on July 12, 2022. Shortly after the case was set for argument, the parties filed documents

with this Court advising that HONX, Inc.—a corporation related to HOVENSA and Amerada Hess

Corporation—had filed for bankruptcy in the United States Bankruptcy Court for the Southern

District of Texas and that the Superior Court stayed the underlying proceeding.  In a June 28, 2022

order, this Court vacated its November 16, 2021 order granting permission to appeal and dismissed

the appeal as improvidently granted since resolving the two certified questions would require this

Court to "resolve numerous other, completely unrelated, issues that it never agreed to hear, many

of which would require this Court to resolve disputed factual questions that are more appropriate

for resolution by the Bankruptcy Court." (June 28, 2022 Order at 3.)

¶ 15    The Superior Court ultimately lifted the stay of its proceedings in a January 12, 2024 order. In its order, the Superior Court *sua sponte* directed all parties to meet, confer, and jointly notify "whether re-certifying the March 10, 2020 order pursuant to 4 V.I.C. § 33(c) would be appropriate since the Supreme Court of the Virgin Islands may have dismissed the petition for interlocutory appeal as improvidently granted due in part because of the stay." The parties filed a joint status report on February 5, 2024, in which they represented that the *Castillo* Plaintiffs desired re-certification under section 33(c) but that the defendants did not believe re-certification was appropriate.

¶ 16    In a March 26, 2024 order, the Superior Court, "conclude[d] that recertifying the order may not be appropriate and, more importantly, that the Supreme Court of the Virgin Islands may not grant the application for appeal." (J.A. 120.) Nevertheless, the Superior Court, again acting *sua sponte*, certified the March 10, 2020 opinion and order as a final judgment pursuant to Rule 54(b) of the Virgin Islands Rules of Civil Procedure. The *Castillo* Plaintiffs filed a notice of appeal with this Court on April 25, 2024, relying on the Rule 54(b) certification as the basis for this Court's jurisdiction.

## II. JURISDICTION

¶ 17    "This Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court." 4 V.I.C. § 32(a); *see also* 48 U.S.C. § 1613a(d). Because some of the *Castillo* Plaintiffs' claims against the Appellees remain pending in the Superior Court, the Superior Court's March 10, 2020 opinion and order does not constitute a traditional final judgment. *Davis v. Allied Mortg. Capital Corp.*, 53 V.I. 490, 498 (V.I. 2010). Nevertheless, in its March 26, 2024 order, the Superior Court certified the March 10, 2020 opinion and order as final

*Castillo v. St. Croix Basic Services, Inc.*        2025 VI 1
S. Ct. Civ. No. 2024-0028
Opinion of the Court
Page 9 of 14

pursuant to Rule 54(b) of the Virgin Islands Rules of Civil Procedure, which provides that

> [w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

¶ 18     In their appellate briefs, the *Castillo* Plaintiffs and the Appellees all agree that this Court possesses jurisdiction over this appeal by virtue of the March 26, 2024 certification order. However, it is a bedrock principle of our justice system that "subject-matter jurisdiction may never be waived" or stipulated to by the parties. *Edward v. GEC, LLC*, 67 V.I. 745, 753 (V.I. 2017). And while certifications under Civil Rule 54(b) may "inform our consideration of whether the order qualifies as a final judgment under section 32," they are ultimately "not binding on this Court," with this Court possessing the ultimate authority to determine whether an order qualifies as an appealable final judgment. *See Donastorg v. Daily News Publishing Co., Inc.*, 2022 VI 1U ¶ 6 (citing *Stiles v. Yob*, S. Ct. Civ. No. 2016-0027, 2016 WL 3211244 (V.I. June 8, 2016) (unpublished)). As such, before considering the merits of this appeal, this Court must determine whether the March 10, 2020 opinion and order qualify as final judgments appealable pursuant to Civil Rule 54(b). *See, e.g., Lowery v. Federal Exp. Corp.*, 426 F.3d 817, 820 (6th Cir. 2005) ("Although defendants have not challenged the Rule 54(b) certification, this court is without appellate jurisdiction if the certification was improper. For this reason, we are compelled to consider whether the entry of final judgment was appropriate in this case."); *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997) ("Although neither party raised the issue in its brief, we consider the propriety of Rule 54(b) certification sua sponte because such

*Castillo v. St. Croix Basic Services, Inc.*      2025 VI 1
S. Ct. Civ. No. 2024-0028
Opinion of the Court
Page 10 of 14

certifications implicate the scope of our appellate jurisdiction."); *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1336 (4th Cir. 1993) ("[B]ecause it involves the scope of our appellate jurisdiction, we are compelled to raise *sua sponte* the issue of whether the district court's entry of final judgment was warranted under Rule 54(b). If the entry of final judgment was unwarranted, we must dismiss the appeal."); *Pifer v. McDermott*, 816 N.W.2d 88, 92 (N.D. 2012) (holding that the trial court's certification under Rule 54(b) may be reviewed by the appellate court *sua sponte*).

¶ 19    This Court concludes that the Superior Court erred when it certified the March 10, 2020 opinion and order as a final judgment more than four years later in its March 26, 2024 order. As a threshold matter, the March 10, 2020 opinion and order had not been certified as final under Civil Rule 54(b) at the time it was issued; rather, the Superior Court certified it for interlocutory appeal by permission under section 33(c). The Superior Court did not certify the March 10, 2020 opinion and order as final until it *sua sponte* issued its March 26, 2024 certification order, which occurred more than four years after it originally issued and nearly two years after this Court dismissed the section 33(c) appeal as improvidently granted.

¶ 20    It is unclear how the same March 10, 2020 opinion and order could simultaneously be a final judgment appealable as of right under Civil Rule 54(b) and an interlocutory order only appealable by permission pursuant to section 33(c). But in any case, the courts that have interpreted rules with language similar or identical to Civil Rule 54(b) have consistently held that a court cannot issue a certification under the rule for the purpose of reviving or resurrecting a prior appeal involving the same order. *See, e.g., Signs v. Merziotis*, No. 1 CA-CV 14-0064, 2015 WL 773392, at *2 (Ariz. Ct. App. Feb. 24, 2015) (unpublished) (holding that issuance of a new order containing Rule 54(b) language two years after issuance of original order did not revive the time to appeal

*Castillo v. St. Croix Basic Services, Inc.*        2025 VI 1
S. Ct. Civ. No. 2024-0028
Opinion of the Court
Page 11 of 14

from the earlier judgment); *Sims v. Joyce Mfg. Co.*, No. 69563, 1996 WL 199828, at \*3 (Ohio Ct. App. Apr. 25, 1996) (unpublished) (dismissing appeal when Rule 54(b) certification was issued months later as a means to reopen the time to appeal).

¶ 21    In this case, that is precisely what the Superior Court did: it expressly chose not to recertify the March 10, 2020 opinion and order under section 33(c) because "the Supreme Court may not grant the application for appeal" and to instead designate it as a final judgment under Civil Rule 54(b) to potentially eliminate this Court's discretion to hear the matter.  As previously noted, the plain text of Civil Rule 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties <u>only if the court expressly determines that there is no just reason for delay</u>." (emphasis added).  This language is word-for-word identical to Rule 54(b) of the Federal Rules of Civil Procedure, from which this Court modeled its own Civil Rule 54(b).  The federal appellate courts applying Federal Rule 54(b) have consistently held that the failure of the trial court to conduct any meaningful analysis with respect to the "just reason for delay" or any other potentially relevant factor requires vacatur of the certification and dismissal of the appeal for lack of appellate jurisdiction.[3]  *See, e.g., Adler v. Elk Glenn, LLC,* 758 F.3d 737, 738-39 (6th Cir. 2014) ("The district court's only reason supporting immediate appeal was the 'real prejudice' Kentucky Farm Bureau would suffer. This reference, without further explication,

---

[3] One could persuasively argue that there may be valid reasons, not articulated by the Superior Court, to have certified the March 10, 2020 opinion and order as final under Civil Rule 54(b). However, "it is not the role of appellate courts to scour the record to determine if sufficient evidence exists to support the [trial] court's exercise of its discretion." *State v. Wigham*, 967 N.W.2d 657, 665 n.6 (Minn. 2021) (quoting *State v. Modtland*, 695 N.W.2d 602, 608 (Minn. 2005)). (internal citations omitted).  This is because deferential standards of review like abuse of discretion presuppose that "[trial] court judges will create thorough, fact-specific records setting forth their reasons" so as to justify appellate courts deferring to their judgment in the first place. *Modtland*, 695 N.W.2d at 608.

does not provide reasoning supporting the necessity of immediate review" under Federal Rule 54(b)); *Elliott v. Archdiocese of N.Y.,* 682 F.3d 213, 221 (3d Cir. 2012) ("[W]here an order purports to certify a judgment as final under Rule 54(b) but lacks the express determination that the rule requires, a court of appeals lacks jurisdiction over the order because it is not a 'final' judgment under either Rule 54(b) or under the traditional standards of [finality]."); *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265-66 (10th Cir. 2005).

¶ 22     Here, the March 26, 2024 certification order only parroted the text of the rule in "find[ing] that there is no just reason for further delay" and that the "action involves multiple parties and presents more than one claim for relief" without analyzing why that warrants treating the March 10, 2020 opinion and order as if it were a final judgment, but expressly provided a questionable reason for granting the Rule 54(b) certification: the possibility that this Court would reject the appeal if it were recertified under section 33(c).[4] Thus, we dismiss this appeal for lack of

---

[4] Even if we were to construe the March 26, 2024 order as a certification under section 33(c)—which we do not given that it expressly denies such certification—we would still dismiss this appeal. By its own terms, section 33(c) permits an interlocutory appeal by permission only if "the order involves a controlling question of law as to which there is substantial ground for difference of opinion." But no such question exists here. In its March 10, 2020 opinion, the Superior Court conducted a *Banks* analysis because it believed that it was faced with an issue of first impression. Yet this is not a question of first impression because this Court has long recognized that statutes of limitations are subject to equitable tolling. In 2009, this Court adopted a prior decision of the Third Circuit which held that the Superior Court may equitably toll the statute of limitations if:

> (1) the first action gave defendant timely notice of plaintiff's claim; (2) the lapse of time between the first and second actions will not prejudice the defendant; and (3) the plaintiffs acted reasonably and in good faith in prosecuting the first action, and exercised diligence in filing the second action.

*Jensen v. V.I. Water & Power Auth.*, 52 V.I. 435, 443 (V.I. 2009) (quoting *Island Insteel Sys., Inc. v. Waters*, 296 F.3d 200, 218 (3d Cir. 2002)); *see also Raymond-Benjamin v. Assefa,* 72 V.I. 815 (V.I. 2020); *Pichierri v. Crowley*, 59 V.I. 973 (V.I. 2013). While none of these cases involved class actions, there is absolutely nothing in any of these opinions to indicate that we intended for this three-factor test to exclude class actions; rather, it is clear that this Court and the Third Circuit

jurisdiction since the Superior Court erred in certifying the March 10, 2020 opinion and order

under Civil Rule 54(b).[5]

### III. CONCLUSION

¶ 23    The Superior Court erred when it issued its March 26, 2024 order retroactively designating

the March 10, 2020 opinion and order as a final judgment pursuant to Rule 54(b) of the Virgin

Islands Rules of Civil Procedure.  Accordingly, we vacate the March 26, 2024 order and dismiss

this appeal for lack of jurisdiction.

**Dated this 10th day of January, 2025.**

---

intended for the Superior Court to consider these three factors in **all** instances where a plaintiff asserts that the statute of limitations should toll due to the filing of a prior action that did not result in an adjudication of the pertinent claims on the merits. *See Raymond-Benjamin*, 72 V.I. at 822 ("In the Virgin Islands, a statute of limitations may be equitably tolled in any case in which a first action was dismissed for any reason other than on the merits.") (emphasis added); *see also Pichierri,* 59 V.I. at 978-79 (applying three equitable tolling factors where initial action had been filed in the Superior Court and dismissed for lack of service); *Jensen*, 52 V.I. at 442-43 (applying three equitable tolling factors when new action filed when the District Court declined to exercise supplemental jurisdiction over territorial law claims); *Island Insteel Sys.*, 296 F.3d at 410-11 (applying three equitable tolling factors when initial action was dismissed by federal court in Puerto Rico due to lack of personal jurisdiction).

As such, the Superior Court conducted its lengthy *Banks* analysis in error, in that this Court already set forth the appropriate test in *Jensen*.  Consequently, the March 10, 2020 opinion would not qualify for interlocutory appeal under section 33(c). Yet although we lack jurisdiction over this appeal, we are confident that the Superior Court will modify its interlocutory March 10, 2020 opinion to apply the *Jensen* standard to the parties' claims. *See Island Tile & Marble, LLC v. Bertrand*, 57 V.I. 596, 613–14 (V.I. 2012) ("[T]he Superior Court possess[es] the authority . . . to modify or set aside [any] order prior to entry of a final judgment." (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983))).

[5] Although not raised by the parties, we acknowledge that the March 10, 2020 opinion and order could potentially qualify for an immediate appeal under the collateral order doctrine.  However, even assuming without deciding that were the case, the 30-day period to file a notice of appeal would begin to run from the date the March 10, 2020 opinion and order originally issued, *see* V.I. R. App. P. 5(a)(1), yet the notice of appeal in this case was not filed until more than four years later on April 25, 2024.  While the Superior Court possesses jurisdiction to extend the time to file a notice of appeal in some circumstances, it has no authority to reopen the time to appeal four years after the time to appeal expired. *See* V.I. R. App. P. 5(a)(8).

**BY THE COURT:**

/s/ Rhys S. Hodge_____
**RHYS S. HODGE**
**Chief Justice**


**ATTEST:**

**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

**By:** _____/s/ Reisha Corneiro_____
    **Deputy Clerk II**

**Dated**: ___January 10, 2025___